COMMONWEALTH *vs.* JAMES J. DACEY & others.

A conviction may be had on an indictment, although it appears at the trial that the crime
was not committed on the day alleged therein, and it is not proved on what day it was
committed, if it is proved to have been committed before the finding of the indictment
and five or six weeks before the trial.

INDICTMENT found at January term 1871 of the superior court
in Suffolk, for a robbery alleged to have been committed on December 3, 1870.

At the trial, before *Putnam,* J., in January 1871, the evidence
failed to show precisely on what day the crime was committed,
but it appeared that it was "five or six weeks" before the trial
and before the finding of the indictment; and it was admitted
that it could not have been committed on the day charged.

The defendants requested the judge to instruct the jury "that
the Commonwealth must fix the day of the month on which the
alleged offence was committed, by the indictment and the evidence, or by one or the other, and as it was admitted that the
offence could not have been committed on December 3, and there
was no other date fixed by the evidence, they could not convict
the defendants."

The judge declined so to instruct the jury; and instructed
them "that the Commonwealth was not bound by the day named
in the indictment; that if the jury were satisfied, beyond a reasonable doubt, that the offence was committed by the defendants
at some time before the finding of the indictment and within the
time named by the witnesses, they might find the defendants
guilty, although they were unable to settle in their own minds on
what precise day of the month it was committed."

The jury returned a verdict of guilty against all the defendants, and they alleged exceptions.

*J. H. Butler,* for the defendants.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. It was not necessary to prove the precise
day on which the crime was committed.

*Exceptions overruled.*