## COMMONWEALTH *vs.* ISAAC COHEN.

Suffolk.    April 3. — 6, 1876.    COLT & LORD, JJ., absent.

An indictment against B. for receiving stolen goods contained three counts. Each count alleged the larceny by A. of certain goods of a value stated, and of the property of a person named, and contained the further charge that the defendant, at a time and place named, "the property, goods and chattels aforesaid, so as aforesaid stolen, taken and carried away," feloniously did receive, knowing them "to have been feloniously stolen as aforesaid." The goods described in the several counts were different goods, and the times on which they were alleged to have been stolen and received were different. The record, treating the counts as three counts for larceny and three for receiving stolen goods, stated that a *nolle prosequi* was entered as to the second and fourth counts. *Held,* that the form of the indictment was usual and sufficient, and that the validity of the last count was not affected by the *nolle prosequi* entered as to the others.

INDICTMENT in three counts.  The last count was as follows:

" And the jurors aforesaid, for the Commonwealth of Massachusetts, on their oath, aforesaid, do further present, that Lawrence Murphy and James Hyde, otherwise called Frank Hyde, of Boston, aforesaid, on the fifth day of May, in the year of our Lord one thousand eight hundred and seventy-five, at Boston, aforesaid, with force and arms, two thousand pairs of stockings, each pair of the value of one dollar, of the property, moneys, goods and chattels of one George F. Hall, in a certain building there situated, to wit, the warehouse of the said Hall and in his possession then and there being, did then and there in the said building, feloniously steal, take and carry away, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

" And the jurors aforesaid, for the Commonwealth of Massachusetts, on their oath aforesaid do further present, that Isaac Cohen, of Boston aforesaid, on the fifth day of May in the year of our Lord one thousand eight hundred and seventy-five, at Boston aforesaid, with force and arms, the property, goods and chattels aforesaid, so as aforesaid stolen, taken and carried away, feloniously did buy, have, receive and aid in the concealment of; he, the said Cohen, then and there well knowing the said property, goods and chattels to have been feloniously stolen as aforesaid; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

The other counts were similar in form, and differed only in the time, and in the kind of articles stolen and received.

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, and assigned the following causes therefor:

" The words used in each of the counts, namely, ' the property, goods and chattels aforesaid, so as aforesaid stolen,' do not in sufficient legal terms set out the charge of buying, receiving and aiding in the concealment of property, allege the value or ownership thereof, plainly, formally or substantially in the manner required by law.

" No offence at law is set out in sufficient and proper legal terms ; each and every count is defective, and the indictment lacks precision and certainty."

The record then set forth that *Allen*, J., overruled the motion
that the defendant excepted; that the attorney for the Common
wealth then " entered a *nolle prosequi* of the indictment as to
the second and fourth counts thereof; " and that the defendant
was tried and convicted " upon the sixth count."

The defendant moved in arrest of judgment for the reasons
assigned in his motion to quash. The judge overruled the mo-
tion; and the defendant alleged exceptions.

*J. W. Mahan*, for the defendant. 1. The allegation in the
sixth count of the indictment, namely, " the property, goods and
chattels aforesaid, so as aforesaid stolen," did not set out in
sufficient legal terms, and plainly, formally and substantially as
required by the practice of this Commonwealth in criminal
pleading, the offence of receiving stolen goods under the statute.
A *nolle prosequi* having been entered before verdict on the sec-
ond and fourth counts of the indictment, the reference in said
sixth count thereby became vague, uncertain and informal. *Com-
monwealth* v. *Cain*, 102 Mass. 487. *Rex* v. *Graham*, 1 Leach C.
C. (4th ed.) 87. *State* v. *Lyon*, 17 Wis. 237. The allegation
should have been " of the value aforesaid, so as last aforesaid
stolen," or its equivalent. *State* v. *Lyon, ubi supra.*

2. The verdict as rendered is a proper ground for the motion
in arrest of a judgment. The court ought not to pronounce
judgment on this verdict, because there is no sufficient averment
in the sixth count either of the property received or its value
when received, both of which must enter into the consideration
of the court in awarding punishment. Gen. Sts. *c.* 116, § 14;
*c.* 120, § 41.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. This indictment is against the receiver only,
and, though assumed on some parts of the record, and in the
briefs of counsel, to contain six counts, really contains only
three, each consisting of an allegation of the larceny, followed
by a charge against the defendant as receiver of the goods al-
leged to have been stolen, and which clearly describes those
goods by reference to the preceding allegation. The form is
usual and sufficient. Stark. Crim. Pl. (2d ed.) 169, 170, 479.
D. Davis's Justice, 451, 452. Davis's Prec. 37. *Commonwealth*
v. *King*, 9 Cush. 284, 287. *Commonwealth* v. *Glover*, 111 Mass

395.   The validity of the last count is not affected by the *nolla prosequi* entered upon the other counts against the defendant. The motions to quash, and in arrest of judgment, for insufficiency in the indictment, were rightly overruled.

*Exceptions overruled.*