### SPENCER PETTES *vs.* COMMONWEALTH.

Suffolk.   Nov. 25, 1878. — Jan. 21, 1879.   MORTON & SOULE, JJ., absent.

If an indictment in the first count charges the defendant with the forging of a cer-
tain instrument, and in the second count with being an accessory before the fact
to the uttering of the instrument by another person, the offence charged in the
first count is a different offence from that charged in the second count; and a
verdict of acquittal on the first count and of conviction on the second count is
not repugnant.

An indictment in the first count charged the defendant with the forging of a cer-
tain instrument, and in the second count charged another person with the utter-
ing of the instrument, and then proceeded to charge the defendant with being
an accessory before the fact to such uttering. *Held*, that the indictment con-
tained but two counts.

A formal error in an indictment is cured by verdict and judgment thereon, and
cannot be availed of on a writ of error.

WRIT OF ERROR to reverse a judgment rendered for the Com-
monwealth at March term 1874 of the Superior Court for the
county of Suffolk, for the transaction of criminal business, upon
the following indictment:

"The jurors for the Commonwealth of Massachusetts, on their
oath present, that Spencer Pettes, otherwise called F. S. Pettes,
otherwise called Henry J. Woodford, of Boston aforesaid, on
the eighteenth day of March in the year of our Lord one thou-
sand eight hundred and seventy-one, at Boston aforesaid, did
falsely make, alter, forge and counterfeit a certain false, forged
and counterfeit voucher, certificate and accountable receipt for
money, which said voucher, certificate and receipt was of the
tenor following; that is to say, 'Taunton, Mass., March 18th,
1871.   No. 9. Mrs. Martha Woodford has deposited in the Ma-
chinists' National Bank of Taunton, Mass., ten thousand and one
hundred and fifty-two dollars, to the credit of M. Bolles & Co.,
payable on return of this certificate properly indorsed.   $10,152.
B. C. Vickery, Cashier.'   With intent thereby then and there
to injure and defraud; against the peace of said Commonwealth,
and contrary to the form of the statute in such case made and
provided.

"And the jurors aforesaid for the Commonwealth of Massachu-
setts, on their oath aforesaid, do further present, that one Holden,
whose first name is to the jurors unknown, of Boston aforesaid,

on the eighteenth day of March, in the year of our Lord one thousand eight hundred and seventy-one, at Boston aforesaid, did utter and publish as true a certain false, forged, altered and counterfeit writing, voucher, certificate and accountable receipt for money, which said writing, voucher, certificate and receipt was of the tenor following; that is to say, ' Taunton, Mass., March 18th, 1871. No. 9. Mrs. Martha Woodford has deposited in the Machinists' National Bank of Taunton, Mass., ten thousand one hundred and fifty-two dollars, to the credit of M. Bolles & Co., payable on return of this certificate properly indorsed. $10,152 B. C. Vickery, Cashier.' He, the said Holden, then and there well knowing the said writing, voucher, certificate and receipt to be false, forged, altered and counterfeit as aforesaid, with intent thereby then and there to injure and defraud; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

" And the jurors aforesaid, on their oath aforesaid, do further present, that Spencer Pettes, otherwise called F. S. Pettes, otherwise called Henry J. Woodford, late of Boston aforesaid, in the county aforesaid, before the said last-mentioned felony and uttering and publishing was committed in manner and form aforesaid, to wit, on the seventeenth day of March in the year of our Lord one thousand eight hundred and seventy-one, at Boston aforesaid, did unlawfully, maliciously and feloniously counsel, hire, aid, move, encourage, command, incite, and in other ways procure said Holden so uttering and publishing as aforesaid the said last-mentioned felony, and uttering and publishing in manner and form aforesaid to do and commit; and thereby became and was then and there an accessory before the fact to the said last-mentioned felony and uttering and publishing; against the peace of the Commonwealth and the form of the statute in such case made and provided."

The record set forth that the indictment was found and returned into court by the grand jury, at February term 1872, and then continued to March term 1872, when the plaintiff in error was arraigned and pleaded not guilty; that the indictment was then continued from term to term to January term 1873, when the plaintiff in error was again arraigned, and for trial put himself upon the country, and the Commonwealth did the like by its

attorney; that a jury was duly empanelled and returned a verdict of not guilty on the first count of the indictment, and guilty on the second count; that, after various continuances, the plaintiff in error was sentenced, for the offence set forth in the second count of the indictment, to imprisonment in the state prison for the term of ten years.

The assignment of errors was as follows: "First, that a verdict of guilty was returned on the second count contained in said indictment, and the plaintiff in error was sentenced thereon, and that he was not impleaded nor mentioned in said count, either expressly or by implication. 2d. That the verdict of not guilty on the first count and of guilty on the second count is repugnant, and amounts to an acquittal on both counts." Plea, *in nullo est erratum*.

*B. F. Butler & F. F. Heard*, for the plaintiff in error.

*C. R. Train*, Attorney General, *& J. F. Brown*, Assistant Attorney General, for the Commonwealth.

LORD, J. Assuming that the indictment upon which the plaintiff in error was convicted contained but two counts, his counsel contend that the verdict of not guilty on the first count and guilty on the second count was contradictory and repugnant, and that no judgment should have been rendered upon it. The ground upon which this claim is made is, that in a felony an accessory before the fact may be deemed to be, and be convicted as, a principal felon, and inasmuch as the plaintiff in error in this indictment was charged in the first count as a principal felon, and in the second count as being an accessory before the fact to a felony, an acquittal upon the first count was in law an acquittal of the whole charge.

Whatever the law may be upon the state of facts assumed by the counsel of the plaintiff in error, it is sufficient in this case to say that the felony charged in the first count is another and distinct felony from that of which he is charged to have been an accessory before the fact in the second count. The first count charges him with the forging of a certain instrument, and that is the whole of the charge in that count. The second count charges that one Holden uttered and published as true a forged instrument, and that the plaintiff in error was an accessory before the fact to such uttering.

It has been so long the practice in this Commonwealth to charge the same felony in various counts of an indictment by alleging it to have been committed in various different modes, or by various different means, that the right to do so cannot now be questioned. In this Commonwealth, from the first, it has been the practice to charge a defendant with various and distinct felonies in different counts of the same indictment, and where the felonies are of the same general nature and supported by evidence of a similar kind, and the punishment to be awarded is the same in its nature, the more common practice is to try the whole indictment to the same jury. If there is any danger that such trial will operate to the prejudice of the defendant, the court is authorized to direct the prosecutor to elect upon which count he will proceed. *Commonwealth* v. *Hills*, 10 Cush. 530. *Commonwealth* v. *Sholes*, 13 Allen, 554. *Commonwealth* v. *Costello*, 120 Mass. 358. *Commonwealth* v. *Brown*, 121 Mass. 69.

The next objection to the legality of the conviction is that the indictment contained three counts, and that no offence is charged against the plaintiff in error in the second count; that the second count charges simply that one Holden committed a felony, and the third count charges the defendant as accessory before the fact to the commission of the felony by Holden. This objection is not well founded in fact. The indictment contains but two counts. It is the practice to charge in the same count two defendants, who are both principals in the same felony, although one may be a principal in the first degree, as having actually committed the offence, the other as principal in the second degree by reason of being an accessory before the fact. See precedents in Chitty's Criminal Law and Archbold's Criminal Pleading; *Commonwealth* v. *Cohen*, 120 Mass. 198.

It is not necessary to determine whether there may be verbal or formal errors technically in the second count of the indictment, because any such error is cured by verdict and judgment thereon. See *Carlton* v. *Commonwealth*, 5 Met. 532; *Crowley* v. *Commonwealth*, 11 Met. 578.

If by reason of the nature of the offences, or because of the mode of proof, or because of the joinder of another party in one count, there was a possibility of prejudice to the plaintiff in

error at his trial, he should, as we have before shown, have asked the court to direct the district attorney to elect upon which count he would proceed.

The rule of the common law that no person can be convicted as an accessory before the fact, until the principal has been convicted, has been abrogated in this Commonwealth. Gen. Sts. c. 168, § 4. That section answers all the objections to the form of the indictment. It is in these words: " Whoever counsels, hires, or otherwise procures, a felony to be committed, may be indicted and convicted as an accessory before the fact, either with the principal felon, or after his conviction; or may be indicted and convicted of a substantive felony, whether the principal felon has or has not been convicted, or is or is not amenable to justice; and in the last-mentioned case may be punished in the same manner as if convicted of being an accessory before the fact."                                     *Judgment affirmed.*