### JAMES FITZGERALD vs. COMMONWEALTH.

Suffolk.   March 23. — June 18, 1883.   DEVENS & W. ALLEN, JJ., absent.

An indictment in two counts alleged in the first count that F., N. and S., at a time
and place named, " with force and arms, did fraudulently obtain from one A.,
by means of a game, device, sleight of hand and trick, by the use of cards and
other implements and instruments, a more particular description of which said
game, device, sleight of hand, trick, implements, instruments and cards is to
said jurors unknown, one written check and order for the payment of money to
the amount and of the value of two hundred and fifty dollars, one piece of paper
of the value of two hundred and fifty dollars, of the property and moneys of
said A." The second count charged, in the same words used in the first count,
that F. obtained from said A. certain checks and pieces of paper described in
the same manner with those named in the first count; and that N. and S. were
accessories thereto both before and after the fact. F. alone was tried, and was
convicted on the first count and acquitted on the second count. Held, on a writ
of error, that the indictment was sufficient in form; and that the judgment
was not erroneous.

WRIT OF ERROR to reverse a judgment rendered for the
Commonwealth at May term 1882 of the Superior Court for
the county of Suffolk, for the transaction of criminal business,
upon an indictment in six counts.

The first count of the indictment charged that James Fitzger-
ald, J. F. Norton and Harry Stevens, on March 28, 1882, at
Boston, " with force and arms, did fraudulently obtain from one
Charles Francis Adams, by means of a game, device, sleight of
hand and trick, by the use of cards and other implements and
instruments, a more particular description of which said game,
device, sleight of hand, trick, implements, instruments, and cards
is to said jurors unknown, one written check and order for the
payment of money to the amount and of the value of two hun-
dred and fifty dollars, one piece of paper of the value of two
hundred and fifty dollars, of the property and moneys of said
Adams, against the peace of said Commonwealth and the form
of the statute in such case made and provided."

The second count was the same as the first, except the descrip-
tion of the property obtained, which was thus set forth : " one
written check and order for the payment of money to the amount
and of the value of sixteen hundred dollars, one piece of paper of
the value of sixteen hundred dollars, of the property, moneys,
goods and chattels of said Adams."

The third count differed from the preceding only in the description of the property, which was set forth as " one written check and order for the payment of money to the amount and of the value of seventeen thousand and five hundred dollars, and one piece of paper of the value of seventeen thousand and five hundred dollars, of the property, moneys, goods and chattels of said Adams."

The fourth, fifth and sixth counts repeated respectively the allegations of the first, second and third counts, omitting the names of Norton and Stevens as principals, and charging them as accessories thereto before the fact, and also as accessories thereto after the fact.

The record set forth that the indictment was found and returned into court by the grand jury at April term 1882, when the plaintiff in error was arraigned and pleaded not guilty; that the indictment was then continued to May term 1882, when the plaintiff in error filed a motion to quash the indictment, which motion, after a hearing, was overruled; that the plaintiff in error was again arraigned, and for trial put himself upon the country, and the Commonwealth did the like by its attorney; that a jury was duly empanelled, and returned a verdict of guilty on the first, second and third counts of the indictment, and of not guilty on the other counts; that the plaintiff in error filed a motion in arrest of judgment, and also filed exceptions to the rulings of the court upon certain matters of law; that the indictment was then continued to June term 1882, when the motion was overruled, and the exceptions waived; and that the plaintiff in error was sentenced, for the offence set forth in the first, second and third counts of the indictment, to imprisonment in the state prison for the term of five years.

The assignment of errors was as follows: " First. In neither of the counts in said indictment is the offence fully and plainly, substantially and formally described. It is not plain whether the 'one piece of paper' means the 'one written check and order for the payment of money' mentioned in the next preceding clause of the same count, or another and different piece of paper. If it means the 'one check and order for the payment of money,' and was intended as a more particular description of the check and order, it is not so stated in the indictment. If it refers to a

separate and different paper, it is not so stated, and two distinct offences are joined in the same count of the indictment, neither of which is plainly and formally described. It is not stated whose check and order it was,. nor on whom nor in whose favor it was drawn. Nor is the 'one piece of paper' described at all, nor any attempt made to describe it. It is not averred whose property the 'one written check and order' was, since the averment 'of the property and money of said Adams' must be construed to relate only to the 'one piece of paper.' Second. The fourth count describes the same offence or offences as the first, in identically the same words as the first. The only difference in the two counts is that two other names are inserted at the head of the first count with the name of the plaintiff in error. But they are not jointly charged. The second count is identical with the fifth, and the third count with the sixth. Third. The indictment is bad for duplicity. Fourth. The judgment is illegal. The plaintiff in error, by the verdict of the jury, was acquitted upon each one of the last three counts ; and by force of that verdict was found not guilty of the offences charged in the first, second, and third counts, respectively. If it were otherwise, it must be that he was found not guilty and guilty at the same time of the same crime charged in precisely the same words ; and so the verdict is repugnant." Plea, *in nullo est erratum.*

*S. J. Thomas,* for the plaintiff in error.

*E. J. Sherman,* Attorney General, *& H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. 1. Neither of the objections taken to the form of the indictment will support a writ of error. No authority is cited which maintains the doctrine contended for in behalf of the plaintiff in error.

2. The judgment is not erroneous by reason of the verdict of not guilty on all the counts except the first three. The indictment contains six counts. The first three charge Fitzgerald, Norton and Stevens, all as principals, with having obtained from Charles Francis Adams certain checks and pieces of paper. The last three charge that Fitzgerald obtained from the same person certain checks and pieces of paper, described in the same manner with those mentioned in the first three counts; and that Norton and Stevens were accessories thereto, both before and

after the fact.   Only Fitzgerald was tried.   The last three counts may have been intended, for all that we know to the contrary, to refer to different checks and pieces of paper from those covered by the first three counts; *Crowley* v. *Commonwealth*, 11 Met. 575; or they may have been intended to contain charges against the accessories only, in which case it was proper to set forth in the first place a description of the offence of which the principal had been guilty, and to which they had been accessory.   *Commonwealth* v. *Glover*, 111 Mass. 395.   *Commonwealth* v. *Cohen*, 120 Mass. 198.   *Regina* v. *Wallace*, 2 Moody C. C. 200.   On either supposition, the acquittal on the later counts will not render erroneous the conviction on the earlier ones.   This decision is not inconsistent with that in *Pettes* v. *Commonwealth*, 126 Mass. 242.                    *Judgment affirmed.*