## LEANDER BUSHMAN *vs.* COMMONWEALTH.

Suffolk. Jan. 30. — Feb. 26, 1885. DEVENS, W. ALLEN, & COLBURN, JJ.,
absent.

If an indictment contains several counts, each charging the larceny of property
of a different person, the court is not bound to assume that the larcenies were
one and the same offence, although alleged to have been committed on the
same day.

WRIT OF ERROR, to reverse a judgment rendered for the
Commonwealth, at January term, 1884, of the Superior Court
for the county of Suffolk, for the transaction of criminal busi-
ness, upon an indictment in five counts.

The first count alleged that the plaintiff in error at Boston,
on December 29, 1883, " divers promissory notes of the amount
and of the value in all of twenty-four dollars, of the property,
goods, and chattels of one James Bartlett, in his possession then
and there being, did then and there feloniously steal, take, and
carry away."

Each of the subsequent counts alleged an offence of a similar
character, on the same day, at Boston, the subject-matter of the
theft being alleged to be the property of a different person in
each count, except in the fourth and fifth, in which the property
was alleged to be in the same person.

The record set forth that the indictment was found and
returned into court by the grand jury at January term, 1884,
when the plaintiff in error was arraigned and pleaded guilty to
the first, second, third, and fifth counts. The record then pro-
ceeded as follows:

" The said Bushman, being convicted of three distinct lar-
cenies at the present term, is deemed and adjudged a common
and notorious thief. It is therefore considered by the court
that the said Bushman, for his offence as set forth in his plea to
said indictment, be punished by confinement in the house of
correction in the county of Suffolk, there to be kept at hard
labor, according to the rules of the same, for the term of two
years, and that he stand committed until he be removed in
pursuance of said sentence."

The assignment of error alleged that, by the record of the court, he could not be legally so adjudged, declared, and sentenced. Plea, *in nullo est erratum*.

*C. H. Hudson & P. J. Casey*, for the plaintiff in error.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. If the various counts in the indictment were intended to charge but a single transaction, namely, the larceny at the same time of the property of several different persons, only one count was necessary. *Commonwealth* v. *O'Brien*, 107 Mass. 208. It does not appear on the record in the present case whether the larcenies were or were not distinct. We are not bound to assume that they were one and the same offence, though alleged to have been committed on the same day. No error appears on the record. *Carlton* v. *Commonwealth*, 5 Met. 532. *Crowley* v. *Commonwealth*, 11 Met. 575. *Fitzgerald* v. *Commonwealth*, 135 Mass. 266. *Pettes* v. *Commonwealth*, 126 Mass. 242. *Commonwealth* v. *Hills*, 10 Cush. 530.

*Judgment affirmed.*