COMMONWEALTH *vs.* CALEB S. MILLER & another.

Bristol.    October 22, 1889. — November 11, 189.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Joint Complaint — Appeal — Separate Trial.*

On a complaint to a District Court against two, charging both jointly in two counts with having received different stolen goods at different times, one was found guilty on both counts, and the other was acquitted on the first and found guilty on the second, and both appealed. *Held,* that it was within the discretion of the Superior Court to refuse a separate trial to the one acquitted on the first count.

COMPLAINT to the First District Court of Bristol, in two counts, against Caleb S. Miller and Charles H. Elderkin, charging them both in the first count with having received stolen goods on February 3, 1889, the property of one Whittaker, and in the second count with having received stolen goods on February 5, 1889, the property of one Fish.

At the trial in the District Court, Elderkin was found guilty on both counts, and Miller was found not guilty on the first count and guilty upon the second count, and both appealed. In the Superior Court, Miller asked for a separate trial, on the ground that he could not be tried with Elderkin upon both counts of the complaint without prejudice to his rights. *Brigham,* C. J., refused the request. The defendants were then tried together upon the whole complaint, and were both found guilty ; and the defendant Miller alleged exceptions.

*J. Brown,* for Miller.

*H. C. Bliss,* First Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. For the purposes of this case we are content to assume, without discussion, that an indictment should be quashed which should charge B. with having received stolen goods at one time, and A. and B. with having received other stolen goods at a different time. But the complaint in the present case was proper. It charged both defendants jointly, in two counts, with having received different stolen goods at

different times. There was no legal objection to the complaint, and none was taken. *Commonwealth* v. *Hills*, 10 Cush. 530. *Edgerton* v. *Commonwealth*, 5 Allen, 574. *Commonwealth* v. *Sullivan*, 104 Mass. 552. *Commonwealth* v. *Darling*, 129 Mass. 112. It is true that Miller, having been acquitted on the first count, stood at the trial in the Superior Court charged in only one count and with only one offence, while Elderkin was charged in two counts with two different offences. But the same result would have happened if the original prosecution had been by indictment, and the jury had acquitted Miller on the first count, and disagreed upon all the rest of the charges. When such a state of things is found to exist, the defendant thus partly acquitted has no absolute legal right to a separate trial. This is a matter of discretion. It often happens that evidence which is admissible and perhaps cogent as against one defendant is incompetent as to another. Where it can be anticipated at the outset that there will be such evidence, the court will sometimes, in exceptional cases, and in the exercise of its discretion, grant separate trials; but the usual course is the other way. *Commonwealth* v. *James*, 99 Mass. 438. *Commonwealth* v. *Thompson*, 108 Mass. 461. *Commonwealth* v. *Robinson*, 1 Gray, 555. In like manner, in civil cases, the court has power, in its discretion, to consolidate several actions and try them together, though the parties may not be altogether the same, and though some of the evidence may not be applicable to all of the cases. *Springfield* v. *Sleeper*, 115 Mass. 587. *Burt* v. *Wigglesworth*, 117 Mass. 302. *Kimball* v. *Thompson*, 4 Cush. 441. *Witherlee* v. *Ocean Ins. Co.* 24 Pick. 67. It has to be assumed both in civil and in criminal cases that the jury will ordinarily be able to pass upon each case or each count separately, and to apply to each the evidence properly bearing upon it. *Commonwealth* v. *Carey*, 103 Mass. 214. It may be conjectured that trying the defendants together may possibly have operated to the prejudice of Miller, but there is no reason to doubt that the learned Chief Justice, before whom the case was tried, gave full and ample instructions to the jury, to guard them against undue influence from any evidence which was properly applicable to Elderkin alone, and that the jury on their part gave proper heed to those instructions. The case is not

different in principle from other cases where juries have been called upon to apply different portions of the evidence to those parties alone who might properly be affected thereby.

*Exceptions overruled.*