WILLIAM T. BENSON *vs.* COMMONWEALTH.

Suffolk.    January 30, 1893. — February 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Writ of Error — Trial on Indictment for Distinct Felonies of same Nature — General Verdict — Time — Presumption.*

It is not error in a criminal case, that the defendant was tried upon one indictment for four distinct felonies of the same nature, and was convicted of three of the charges by a general verdict upon three counts.

Where a person was tried upon an indictment in four counts for poisoning, and was convicted by a general verdict upon three counts, no inference against the verdict is to be drawn, on a writ of error, because, at the time when he was alleged in the indictment to have committed the offences charged in two of these counts, he was confined in jail.

If a person was tried upon an indictment of four counts for poisoning, the acts charged in the third and fourth counts being alleged to have been committed on the same day, upon the last three of which counts he was convicted, this court is not bound to assume, on a writ of error, either that a single offence only was charged, or that the third and fourth counts were different descriptions of the same act.

WRIT OF ERROR, to reverse a judgment rendered for the Commonwealth, at the May sitting, 1889, of the Superior Court for the county of Dukes County, upon an indictment for poisoning. Plea, *in nullo est erratum.* The material facts appear in the opinion.

*J. S. Cobb & J. F. Pickering,* for the plaintiff in error.

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

BARKER, J. The first five assignments of error are mere statements of conclusions of law, alleging that the return of a general verdict of guilty on the last three counts of the indictment, the receiving and recording of that verdict, the judgment and sentence, and the issuing of the warrant, and the plaintiff in error's commitment to the state prison, and his confinement, are all erroneous. The sixth assignment alleges the fact that since his arrest, on February 26, 1889, he was in continuous confinement in the county jail until June 4, 1889, and thereafter in the state prison. The seventh alleges that his sentence was erroneous because the verdict was void, for the reason that the plaintiff in error was in confinement in the jail on March 12, 1889, when by the verdict he is found to have committed the acts charged in the third and fourth counts. The offences charged are felonies, and the plaintiff in error contends that, if two or more felonies are charged in one indictment, the prisoner cannot be tried upon it for more than one offence, and that the prosecutor must be compelled to elect on which charge he will proceed, or the indictment must be quashed. Such is neither the law nor the practice in this Commonwealth. On the contrary, this court has often held that distinct felonies, if of the same general description, and if the mode of trial and the nature of the punishment are the same, may be charged in the same indictment, and may be tried together, unless the court shall direct the government to proceed upon one count or set of counts only, if it sees any danger that the defendant will be

embarrassed by the multiplicity of the charges against him. *Commonwealth* v. *Costello*, 120 Mass. 358, 366, and cases cited. *Pettes* v. *Commonwealth*, 126 Mass. 242, 245. *Commonwealth* v. *Jacobs*, 152 Mass. 276, 281, and cases cited. *Commonwealth* v. *Taber*, 155 Mass. 54. And it has also been distinctly held, that whether the charges shall be tried separately or together is a matter within the discretion of the presiding judge, and that if a general verdict of guilty is returned upon counts charging distinct offences, and no inquiry is made of the jury as to the counts upon which they found their verdict, the general verdict of guilty will apply to each count. *Commonwealth* v. *Carey*, 103 Mass. 214. See also *Commonwealth* v. *Foster*, 122 Mass. 317, 323. The record, therefore, discloses no error in the fact that the plaintiff in error was tried upon one indictment for four distinct felonies, and was convicted of three of the charges by a general verdict upon three counts.

The plaintiff in error further contends that it appears from the record that it was impossible for him to have committed the offences charged in the third and fourth counts, because, at the time when it is charged that he committed them, he was confined in the county jail. Whether, if this contention is sound, his sentence would not still be legal, because within the limit which could be imposed for the offence of which he was convicted under the second count, it is not necessary to consider. For it is familiar law that the averment of time in an indictment for offences such as those charged here is purely technical, and need not be proved as alleged; *Stevens* v. *Commonwealth*, 4 Met. 360, 370; *Commonwealth* v. *Hitchings*, 5 Gray, 482, 485; *Commonwealth* v. *Jacobs*, 9 Allen, 274; *Commonwealth* v. *Dacey*, 107 Mass. 206; *Commonwealth* v. *Sego*, 125 Mass. 210; and when the record comes up on a writ of error it does not legally follow from the conviction that the day laid was the day proved. *Stevens* v. *Commonwealth*, *ubi supra*. On the contrary, after a verdict of guilty, the presumption is that the evidence was such, both in weight and character, as to authorize a conviction.

We are aware that this court in *Commonwealth* v. *Hitchings*, 5 Gray, 482, 485, speaking of the averment of time, said that "on a motion in arrest of judgment, that fact, like all others, is to be taken to be truly stated." But all that was necessary for the

decision of the point then under discussion was, that, after conviction, *no inference against the validity of the judgment could be drawn from the doctrine that the averment of time was merely technical.* That decision was *per curiam*, and was not intended to overrule the previous statement of the court, in *Stevens* v. *Commonwealth, ubi supra*, and is not to be considered as authority for the position that, on a writ of error, the time laid in the charge must be taken as the actual date to which the proof adduced at the trial referred. No inference against the verdict is to be drawn upon the theory that the day proved was the day alleged, unless that inference would also be drawn if it appeared upon the record that the day proved was any other day which might have been legally proved under the charge.

It ought also, perhaps, to be added, that there is no legal impossibility that the offences charged in the third and fourth counts should have been committed within the precincts of the jail, and that if, upon the theory of the plaintiff in error, the technicality which he invokes to show that such was the charge should compel us so to hold, similar reasoning would require us to hold that the record also shows that he was proved guilty of those offences by sufficient evidence.

The plaintiff in error further contends that the four counts charge but one offence, and also that, while the third and fourth counts charge but one offence, that charged in the second is distinct from the one charged in the third and fourth, and that in either event he has been convicted of more offences than he was charged with by the indictment. See *Commonwealth* v. *Fitchburg Railroad*, 120 Mass. 372. These contentions are, of course, inconsistent with each other, and also with the theory on which he has founded his chief argument, but they must, nevertheless, be considered. It is enough to dispose of them to say that we are not bound to assume, either that but a single offence was charged, or that the third and fourth counts were different descriptions of the same act; *Carlton* v. *Commonwealth*, 5 Met. 532, 534 ; *Bushman* v. *Commonwealth*, 138 Mass. 507 ; and that we find nothing in the record to indicate that either was the fact.                    *Judgment affirmed.*