## McCARTY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1900.)

No. 1,280.

1. CRIMINAL LAW—REVIEW ON APPEAL.
   When the evidence and instructions are not brought into the record by a proper bill of exceptions on appeal in a criminal case, the presumption is that the evidence supported the charge, and warranted the verdict, and that the charge of the court was correct.

2. INDICTMENT—AVERMENT OF INTENT.
   In an indictment for violation of the law against counterfeiting, a general averment that the defendant did the acts charged "with intent to defraud" is sufficient, the pleader in a case where intent is the essence of the crime not being required to set out the facts going to prove such intent, or the particular means by which the intent was to be effected.

In Error to the District Court of the United States for the District of Nebraska.

John McCarty, the plaintiff in error, was indicted jointly with one John Brown, for passing counterfeit silver half dollars and dollars, and for having in his possession, with intent to pass, counterfeit silver dollars and nickels, and for having in his possession molds for coining counterfeit silver dollars. He was tried, and found guilty on six counts, and sentenced to pay a fine of $100, and to be imprisoned in the penitentiary for five years, and thereupon sued out this writ of error.

John O. Yeiser and C. L. Hover, for plaintiff in error.
W. S. Summers and S. R. Rush, for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

101 F.—8

CALDWELL, Circuit Judge, after stating the case as above, de-livered the opinion of the court.

There is no bill of exceptions in this case. The evidence and instructions are, therefore, not before us for consideration. When the evidence and instructions are not brought before us by a proper bill of exceptions, the presumption is that the evidence supported the charge and warranted the verdict, and that the court charged the law. The assignments of error on which chief reliance is placed, and which are most discussed in the brief, are founded on what it is alleged the evidence either did or did not prove; but upon this record the only question we are at liberty to consider is the sufficiency of the indictment. We have examined very carefully the several counts of the indictment on which the defendant was convicted, and find they conform to the requirements of the statutes on which they are based (Act Jan. 16, 1877 [19 Stat. 223, c. 24] § 1, and Act Feb. 10, 1891 [26 Stat. 742, c. 127] § 1), and to the standard forms found in the approved precedents for such indictments, and which have long been used and approved by all the courts. The objections to the sufficiency of the indictment upon its face are few, and not of a serious character. It is objected that the averment that the defendant did the acts complained of with "intent to defraud" is "too general for toleration, and only amounts to pleading a conclusion." The pleader is never required in this class of cases to set out the evidence or facts going to prove the intent to defraud, or the particular means by which the party named in the indictment was to be defrauded. It is never done, and in most cases would be impractical. In the case of U. S. v. Ulrici, 3 Dill. 532, 535, Fed. Cas. No. 16,594, this same objection was made to the indictment which charged the act was done "with intent to defraud the United States," and Mr. Justice Miller, in answering the objection, said:

"It is contended that there should be some statement of the evidence of this intent,—that some one or more of the facts which manifest this intent should be set out in the indictment; but I suggested to counsel at the time that, if he could show where it was necessary to describe more than what the party intended to do, in a case where intent was the essence of the crime, then this might not be considered a sufficient charge, but I apprehend that no such instance can be produced. * * * But it is said that you must show how he was going to do it. Now, an intent is often very hard to prove, but when you show that it is essential to a civil or criminal proceeding you can demonstrate it in a thousand ways. All human actions are the external evidence of intent. The conduct of a man, in its thousand various forms, goes to discover his inner thoughts; and to say that the indictment should allege these with particularity would be very difficult for the pleader. Are we to set all the facts out? If not, where is the limit to be fixed? The objections, therefore, to this count are overruled, and it is held to be good."

· Dr. Wharton, in his valuable work on Criminal Law, says:

"The means of effecting the criminal intent, or the circumstances evincive of the design with which the act was done are considered to be matters of evidence to the jury to demonstrate the intent, and not necessary to be incorporated in an indictment." 1 Whart. Cr. Law, § 292.

Certain of the counts on which the defendant was convicted charged that he did the acts complained of with intent to defraud a named person "and divers other persons to the grand jurors un-

known." It is said there was no evidence to support this allegation, and that it is, besides, bad for uncertainty; but, as we have before said, the presumption upon the state of this record is that there was evidence to support the averment; and, where it is necessary to allege an intent to defraud some one, it is sufficient, when the fact is so, to allege an intent to defraud "divers persons to the grand jurors unknown."

The contention is made, but probably not very seriously, that the count charging the defendant with having in his possession molds for coining counterfeit silver dollars is bad because it spells "mold" "mould," when the statute creating the offense spells it "mold." It is the same word, and has the same meaning, whether spelled "mold" or "mould." In the Century Dictionary it is said:

"The proper spelling is 'mold,' like 'gold' (which is exactly parallel phonetically), but 'mould' has long been in use, and is still commonly preferred in Great Britain."

The judgment of the district court is affirmed.