# THE STATE v. W. T. HENDRICKSON, Appellant.

### Division Two, November 26, 1901.

**Criminal Law:** INDICTMENT: COUNTS: ACCESSORY. Though, in an indictment, the guilt of the accessory is stated after that of the principal, on which it is dependent, the whole allegation constitutes but one count, as all the conclusions but the one to the last count may be rejected as surplusage.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*B. J. Emerson* and *O. T. Hamlin* for appellant.

The pleader attempted to put two counts in the indictment. Both are bad because they do not conclude "against the peace and dignity of the State." Const., sec. 38, art. 6; State v. Lopez, 19 Mo. 254; State v. Pemberton, 30 Mo. 376.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The appellant, in his brief, depends altogether upon the sufficiency of the indictment for a reversal of the cause. The same allegations of errors are presented in this case as in its companion case, the State v. Charles Hendrickson, 165 Mo. 262, submitted at this term of court, the brief of which is herein referred to in support of the validity of the indictment. Appellant does not raise any other proposition in his brief, save the sufficiency of the indictment, and as that is fully covered in the brief above referred to, we deem it unnecessary to repeat the matter here.

SHERWOOD, P. J.—The validity of the indictment is the only question urged in defendant's brief. The indictment has been held valid against the principal, Charles Hendrickson, in an opinion delivered by BURGESS, J., and under that ruling the indictment must be held valid as to W. T. Henrickson, the accessory, unless it he bad because of considerations now to be presented.

It is urged that "the pleader attempted to put two counts in the indictment," but that both are bad because they do not conclude "against the peace and dignity of the State."

This is a mistake; there is but one count. Bishop says: "If the prosecuting power chooses, it may join as defendants in one count all the participants in a crime. As to which, the test is said to be to consider 'whether each offender be guilty in some degree of the same crime, so that he might be separately convicted even though another was the actual perpetrator. If each may be so convicted, their guilt is joint; but otherwise it is several.' And at common law, principal and accessory, including the accessory after the fact as well as before, may be and commonly are so joined. Though the guilt of the accessory is stated after that of the principal, on which it is dependent, the whole allegation constitutes but one count, having properly one commencement only and one conclusion." [1 Bishop's New Crim. Proc., sec. 467.]

And the learned author in another work gives this form:

"That A., etc. (the principal of the first degree, setting out the felony against him down to but not including the conclusion). And (the jurors aforesaid, upon their oath aforesaid, do further present), that B., etc., on the day and year aforesaid (with force and arms), at the (place) aforesaid, in the county aforesaid, feloniously was present, aiding, abetting and assisting the said A., the (felony and larceny) aforesaid to do and commit; against the peace, etc." [Bishop's Direc. & F. (2 Ed.), sec. 115.]

And in a note to section 113 of the same work, it is said:

"We sometimes meet with indictments wherein the different participants appear to be charged in distinct counts (Reg. v. Brannon, 14 Cox, C. C. 394). Doubtless such an indictment is not ill; because, among other reasons, all the conclusions but the one to the last count may be rejected as surplusage, and then there is but one count." [See also sections 113 and 114 of Bishop's Direc. & F. See also, Com. v. Darling, 129 Mass. 112; 1 Chit. Crim. Law, 271, 272.]

For these reasons, the indictment will be held not open to the objections urged against it, and consequently, the judgment will be affirmed. All concur.