COMMONWEALTH *vs.* HERMAN HOLLANDER.

Worcester.     September 30, 1908. — October 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Pleading, Criminal,* Indictment. *Practice, Criminal. Perjury.*

In an indictment for perjury, containing one count charging the defendant with testifying falsely at the trial of a complaint for assaulting a certain person and throwing a stone in a public way in a town, and another count charging the defendant with testifying falsely at the trial of a complaint against the same person for hitting the person, alleged in the first count to have been assaulted, with a stone thrown at him, where there is no allegation that these are different descriptions of the same act, the two counts will be taken to charge separate offenses.

At the trial of an indictment for perjury containing two counts, respectively charging the defendant with testifying falsely on two different issues at the trial of a complaint in a district court, a request of the defendant for an instruction to the jury, that a certain fact in regard to which the defendant testified in the district court was of no importance for their consideration and "was not material to the issue presented in either count" of the indictment, cannot be granted if the fact was material to the issue raised by one of the two counts.

INDICTMENT FOR PERJURY found and returned in the county of Worcester in January, 1908, as follows:

"The jurors for the Commonwealth aforesaid, on their oath present that Herman Hollander on the thirteenth day of September in the year of our Lord one thousand nine hundred and seven, at Westborough in said county of Worcester, in a proceeding in the course of justice before the First District Court of Eastern Worcester on certain issues within the jurisdiction of said court duly joined, and tried before John W. Slattery, special justice of said court, sitting in the absence of and at the request of the justice, between the said Commonwealth and Carrie M. Sessions, the said Sessions being defendant upon a complaint, duly made to and received by said court was lawfully sworn as a witness.

"Whereupon it became and was material to said issues whether said Sessions did assault Samuel Hollander and throw a stone in a public way of said Westborough, and to this the said Herman did willfully and corruptly testify and say in substance and effect that said Sessions, on first day of September, in the year aforesaid, did assault said Samuel and throw a stone in a public way in said town; all his said testimony as above set forth, being false, as he well knew.

"And the jurors for the Commonwealth aforesaid, on their oath further present that Herman Hollander, on the thirteenth day of September, in the year of our Lord one thousand nine hundred and seven, at Westborough, in said county of Worcester, in a proceeding in the course of justice before the First District Court of Eastern Worcester, on an issue within the jurisdiction of said court, duly joined and tried before said court between the Commonwealth of Massachusetts and Carrie M. Sessions, the said Sessions being defendant upon a criminal complaint made to and received by said court, was lawfully sworn as a witness.

"Whereupon it became and was material to said issue whether

said Carrie M. Sessions did, on or about the first day of September one thousand nine hundred and seven, at said Westborough, hit one Samuel Hollander with a stone thrown by said Sessions, and to this the said Herman Hollander did [un]lawfully and corruptly testify and say, in substance and effect, that on the first day of September, one thousand nine hundred and seven, he saw said Sessions throw two stones at Samuel Hollander, one of which hit the boy on the leg and left a mark, and that when she threw the stone said Sessions stood in the highway outside of the town pound; all his said testimony, as above set forth, being false as he well knew."

At the trial in the Superior Court before *Wait,* J., the government introduced evidence tending to prove all the necessary allegations contained in each count of the indictment; and further introduced evidence that, at the time when, as testified to by the defendant, Sessions threw the stone, she was standing inside the bars of the pound described in the indictment, and was not at any time outside of the pound or on the highway.

The defendant and his witnesses testified that Sessions threw three stones at Samuel Hollander, one of which hit him in the leg; and that she was standing in the highway at the time she threw them.

At the close of the evidence, the defendant asked the judge to instruct the jury that it was of no importance for them to consider whether or not Sessions was standing in the highway or in the pound at the time of the alleged throwing of the stone or stones; and that it was not material to the issue presented in either count of the indictment where Sessions was standing at the time of the alleged throwing of the stone or stones.

The judge refused to give the instruction requested. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*S. R. Cutler & H. W. James,* for the defendant.

*G. S. Taft,* District Attorney, *& E. I. Morgan,* Assistant District Attorney, for the Commonwealth.

LORING, J.   In the case at bar the defendant was indicted for committing two acts of perjury at the trial of a criminal case in the First District Court of Eastern Worcester.

Seemingly there were two counts in the complaint on trial before the District Court when the prisoner in the case at bar gave the testimony here in question : one for violation of a town ordinance (covered by the first count of the indictment in the case at bar); the other for assault and battery (covered by the second count of the indictment in the case now before us).

That the two counts in the indictment before us are to be taken to charge two offenses, see *Benson* v. *Commonwealth,* 158 Mass. 164; *Commonwealth* v. *Lowrey,* 159 Mass. 62. There is no allegation that they are different descriptions of the same act, as in *Commonwealth* v. *Flagg,* 135 Mass. 545.

It is not stated in terms in the bill of exceptions now before us that the two offenses stated above were on trial in the District Court when the perjury now in question was committed. But what is stated in the bill of exceptions is tantamount to that. It is stated there that the perjury charged in the first count of the indictment in the case at bar was committed in a proceeding in the course of justice before the District Court of Eastern Worcester "on certain issues" then on trial between the Commonwealth and Carrie M. Sessions, where "it became and was material to said issues whether said Sessions did assault Samuel Hollander and throw a stone in a public way of said Westborough"; and that the perjury charged in the second count of the indictment in the case at bar was committed in a proceeding in the cause of justice before the same court "on an issue" then on trial where "it became and was material to said issue whether said Carrie M. Sessions did, on or about the first day of September, one thousand nine hundred and seven, at said Westborough, hit one Samuel Hollander with a stone thrown by said Sessions."

It is also stated in the bill of exceptions that the government introduced evidence tending to prove all the necessary allegations contained in either count.

At the close of the evidence the prisoner asked for the following ruling: "That it was of no importance for them to consider whether or not said Sessions was standing in the highway or in the pound at the time of the alleged throwing of said stone or stones; and that it was not material to the issue presented in either count of said indictment where said Sessions was standing at the time of the alleged throwing of said stone or stones."

The first part of this ruling plainly applies to the whole case, that is, to both counts. If the fact that Carrie M. Sessions stood in a public way when she threw the stone was material in either of the two counts of the complaint on trial in the District Court, the ruling asked for could not be given.

That is also true of the second part of this ruling asked for by the prisoner. The second part of the ruling is not a request for a ruling as to each count that the fact that the aforesaid Carrie stood in the road was of no importance. The ruling asked for was that this fact was not material to the issue presented " in either count." If that fact was material to one of the two counts the ruling was rightly refused.

The only argument put forward in support of the ruling asked for so far as the first count is concerned is that the ruling asked for deals with the fact " whether or not said Sessions was standing in the highway or in the pound at the alleged throwing of the stone or stones," while the allegation of the indictment is that it was material to the issues on trial to determine " whether said Sessions did . . . throw a stone in a public way." There is nothing in this bill of exceptions to show that the two did not mean the same thing in the trial of the indictment in the case at bar.

*Exceptions overruled.*