## KATZ et al. v. UNITED STATES.

### (Circuit Court of Appeals, First Circuit. May 12, 1921.)

### No. 1466.

1. **Indictment and information ⊙—133(1)—Court cannot strike objectionable statement from indictment.**

   The District Court cannot strike from an indictment a statement therein objected to by defendant.

2. **Criminal law ⊙—1156(1)—Discretion in ruling in motion for new trial not reviewable.**

   The exercise of the District Judge's discretion in ruling on a motion for new trial cannot be reviewed; such ruling being reviewable only where he has refused to exercise his discretion, and to consider the motions or affidavits offered in support thereof.

3. **Criminal law ⊙—1186(4)—Amendment authorizing judgment on writ of error without regard to technical defects did not extend appellate powers.**

   The amendment of Judicial Code, § 269, by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), so as to require the court on appeal or writ of error to give judgment without regard to technical errors or defects, did not, in criminal cases, extend the power of an appellate court beyond that which it had theretofore exerted and exercised.

4. **Conspiracy ⊙—43(1)—Indictment need not excuse failure to join all alleged conspirators.**

   It is not necessary to join in an indictment for conspiracy, all the alleged co-conspirators, or to explain why those omitted were not indicted.

5. **Criminal law ⊙—1116—Without testimony and instructions, statement in indictment that co-conspirators had been convicted is not shown to be prejudicial.**

   On writ of error to a conviction for conspiracy, where neither the testimony nor the charge is in the bill of exceptions, so that it must be assumed the evidence was sufficient to sustain the verdict and that correct instructions were given, the statement in the indictment that three of the co-conspirators of defendants were not indicted because they had been already convicted was not shown to be so prejudicial to defendants as to require a reversal of the conviction, in the absence of exception which presented that question for review, especially where the district attorney stated in argument without denial that those three conspirators testified for the government and admitted they were guilty.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Hyman Katz and others were convicted of conspiracy to steal from railroad cars goods which were being transported in interstate commerce, and they bring error. Affirmed.

Asa P. French, of Boston, Mass. (David R. Radovsky, of Fall River, Mass., on the brief), for plaintiffs in error.

Peter C. Cannon, U. S. Atty., of Providence, R. I., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiffs in error were convicted in the District Court of Rhode Island on an indictment in which they were charged with having conspired, with three others, to commit an

offense against the United States, which was in substance to steal from railroad cars goods which were being transported in interstate commerce and to dispose of the same. The reason why the other three were not indicted was stated in the indictment to be "that they have been heretofore convicted of the offense charged in this indictment." The overt acts were set out with great particularity and the three persons who were not indicted were alleged to have broken into several cars and stolen woolen and cotton cloth and silverware which the defendants bought or assisted in selling.

The defendants in the court below moved to strike from the indictment the reason stated therein for the failure to indict the other alleged co-conspirators. This motion was denied and exception taken. At the close of the trial, which consumed five days, a motion for a new trial was filed, which was denied and exception taken. The errors assigned are the denial of these motions and also of a motion for a bill of particulars.

[1] The last assignment has not been argued. Counsel for the plaintiffs in error admit that none of the assignments of error are sufficient to justify a reversal of the judgment below. Clearly the refusal of the learned District Judge to strike the objectionable statement from the indictment is sustained by Ex parte Bain, 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849.

[2] The granting of the motion for a new trial was within the discretionary power of the learned District Judge, and, having exercised his discretion, no exception can be sustained to his denial. It has only been in cases where the trial judge has refused to exercise his discretion, and to consider the motion or the affidavits offered in its support, that his ruling has been reviewed, as in Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, and Ogden v. United States, 112 Fed. 523, 50 C. C. A. 380 (C. C. A., Third Circuit).

There was no motion to quash the indictment, nor in arrest of judgment, nor was this allegation in the indictment assigned as one of the grounds in support of the motion for a new trial. Counsel for the defendants have asked us to reverse the judgment below upon the sole proposition that the defendants did not have and could not have had a fair and impartial trial, because the indictment contained the statement of the reason why the other co-conspirators were not indicted, claiming that, to cause the defendants to be tried upon an indictment containing such a statement, is reversible error of which we can take notice, though not assigned, by virtue of section 269 of the Judicial Code as amended by Act of February 26, 1919, c. 48, Comp. St. Ann. Supp. 1919, § 1246, which in part is as follows:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

[3] This amendment has not, in criminal cases, extended the power in an appellate court beyond that which it had theretofore asserted and exercised. Wiborg v. United States, 163 U. S. 632, 659, 16 Sup. Ct.

1127, 1197, 41 L. Ed. 289; Clyatt v. United States, 197 U. S. 207, 221, 25 Sup. Ct. 429, 49 L. Ed. 726; Weems v. United States, 217 U. S. 349, 30 Sup. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705; Skuy v. United States, 261 Fed. 316; Holmgren v. United States, 217 U. S. 509, 522, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778.

[4] It is claimed on the part of the government that it was necessary to join all the co-conspirators in the indictment or to explain why any were not indicted; but this contention is without merit. Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113; United States v. Miller, 26 Fed. Cas. 1255, No. 15,774; 2 Bishop's Cr. Proc. § 186.

In Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778, an indictment with an indorsement upon it showing the conviction of the defendant at a former trial upon one of its counts and that a new trial was granted had been given to the jury. A motion for a new trial was filed, accompanied by affidavits to the effect that the jury had read the indorsement. The motion was denied by the trial court.

The Supreme Court, after stating the general rule that the allowance or refusal of a new trial rests in the sound discretion of the trial court, and after pointing out that in Mattox v. United States, supra, and Ogden v. United States, supra, the ruling of the court below was reviewed because it had refused to exercise its discretion, then states that the contention is made that it may notice a plain error not reserved in the record and said:

"Undoubtedly the court has this authority and does sometimes exercise it. But an examination of the record in this case does not satisfy us that we should exercise this right to review an error not properly reserved, and require the granting of a new trial, because of the indorsements upon the indictment sent to the jury, together with the forms of verdict. The record contains all the testimony, and is ample to sustain the conviction of the defendant without giving weight to the effect of this indorsement. The indorsement itself shows that a new trial was granted upon the former conviction on the third count. This action of the court in setting aside what the jury had formerly done is quite as likely to influence the jury favorably to the accused, as was the fact of former conviction by the jury to work to his prejudice. * * *

"But, in this case we do not find in the record any reason for the exercise of the authority granted to us under the thirty-fifth rule to notice a plain error not properly reserved."

[5] In the case before us neither the testimony nor the charge of the presiding judge is included in the bill of exceptions, and we cannot therefore determine whether we should exercise authority to review an error not properly reserved. Where the testimony and the charge are not made a part of the bill of exceptions, it must be assumed that the evidence was sufficient to sustain the verdict and that correct instructions were given by the court. Durland v. United States, 161 U. S. 306, 312, 16 Sup. Ct. 508, 40 L. Ed. 709; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746; McCarty v. United States, 101 Fed. 113, 41 C. C. A. 242; Benson v. Commonwealth, 158 Mass. 164, 166, 33 N. E. 384.

In Holmgren v. United States, supra, the court had all of the testimony before it and were able to say that it was "ample to sustain the conviction without giving weight to the effect of this indorsement."

The district attorney stated in argument, without denial, that the three conspirators who were named in the indictment as having been convicted were witnesses for the government at the trial, and that their testimony was an admission that they were guilty of the offense charged in the indictment. If this were so, the statement in the indictment that they had been convicted became harmless error.

Without an examination of all the testimony and the charge of the presiding judge, we are unable to say that this statement in the indictment, which may be treated as surplusage, was prejudicial to the defendants, and that, because of it, they did not have a fair and impartial trial.

The entry must be—

Judgment affirmed.