COMMONWEALTH *vs.* JAMES LOWREY.

Suffolk.    April 4, 1893. — May 16, 1893.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Motion in Arrest of Judgment — Different Counts — Same or Distinct Offences — Construction of Record.*

The defendant was charged, by an indictment in three counts, with offences alleged to have been committed on the same day and in the same place, and was found guilty on the first count, and not guilty on the others. He moved in arrest of judgment, on the ground that the counts charged but one offence, and that the verdict of not guilty upon the second count was repugnant to the verdict of guilty upon the first. *Held,* that there was no legal conclusion from the record

that the counts were for one and the same offence, and that they might have been for different offences, in which case the verdicts were not repugnant, and would warrant judgment in favor of the government.

The record in a criminal case is to be construed in favor of the legality of the proceedings, by refusing to draw from it any unnecessary presumption impugning their validity.

MOTION in arrest of judgment, on the ground that the defendant had been acquitted of the charge of breaking and entering, that there was no judgment on which a sentence might legally be imposed, and that the record and the verdict of the jury on the first and second counts were repugnant and inconsistent, and of no force and effect as against the defendant.

The record recited that, after a rescript was received from this court overruling the exceptions in the case of *Commonwealth* v. *Lowrey*, reported 158 Mass. 18, the defendant, Lowrey, filed this motion, which, after a hearing, was overruled, and he appealed to this court, and that the court thereupon adjudged the appeal to be frivolous and intended for delay, and sentenced the defendant to confinement in the state prison.

*P. J. Casey*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

BARKER, J.  The defendant was charged, by an indictment in three counts, with offences alleged to have been committed on the same day and in the same place, and was found guilty on the first count, and not guilty of the residue.   His motion in arrest of judgment is founded upon the contention that the counts charge but one offence, and that the verdict of not guilty upon the second count is repugnant to the verdict of guilty upon the first.

But there is no legal conclusion from the record that the counts were for one and the same offence; on the contrary, they may have been for distinct offences, in which case the verdicts were not repugnant, and would warrant judgment in favor of the government.   See *Crowley* v. *Commonwealth*, 11 Met. 575, 579.   And, as stated in the same decision, it must have been known to the judge before whom the cause was tried whether the offences charged were distinct, and because the record does not show this, this court cannot say that in law the record will not justify sentence.   Such a record is to be construed in favor

of the legality of the proceedings, by refusing to draw from it any unnecessary presumption impugning their validity; and this is what was done in the case of *Stevens* v. *Commonwealth*, 4 Met. 360, 364, relied on by the defendant, as well as in *Carlton* v. *Commonwealth*, 5 Met. 532, and *Crowley* v. *Commonwealth*, 11 Met. 575. See also *Benson* v. *Commonwealth*, 158 Mass. 164.

*Judgment affirmed.*