### DIMMICK v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.  February 24, 1903.)

#### No. 887.

**1. EMBEZZLEMENT—MINT CLERK—FAILURE TO DEPOSIT MONEY—INDICTMENT.**
    Where an indictment against a government clerk for failing to deposit money when required by the Secretary of the Treasury, as required by Rev. St. § 5492 [U. S. Comp. St. 1901, p. 3705], charged that the money was received by defendant on December 11, 1900, and that it was in his possession on December 31, 1900, which was the last day of the quarter in which he could deposit the same in compliance with the rules of the Treasury Department, and that defendant failed to deposit the same on that day, it was not objectionable on the ground that it did not charge the accused with failure to deposit the money, but merely charged a failure to deposit on a specified date.

**2. SAME—DESCRIPTION OF MONEY.**
    Where an indictment alleged that defendant was a clerk in the United States mint, and as such clerk he had in his possession certain money, for the failure to deposit which, as required by Rev. St. § 5492 [U. S. Comp. St. 1901, p. 3705], he was indicted, it was not objectionable for failure to describe the money which it was claimed defendant failed to deposit.

**8. SAME—COUNTS OF INDICTMENT—VERDICT—OPERATION—ACQUITTAL.**
    Where two counts of an indictment against a clerk of the United States mint charged embezzlement for failure to deposit funds in his hands, as required by Rev. St. § 5492 [U. S. Comp. St. 1901, p. 3705], and two other counts charged him with the failure to deposit the same as directed by the Secretary of the Treasury, for which a punishment is provided by the same section, a verdict of guilty on the latter counts only did not operate as an acquittal on the ground that the crime of embezzlement charged was with reference to the same moneys referred to in such subsequent count.

**4. SAME—JURORS—CHALLENGE.**
    Where jurors testified that, notwithstanding an impression or opinion formed from newspaper accounts, they could try the cause solely on the evidence, and stated that they would be governed entirely by the evidence produced at the trial, the overruling of challenges to such jurors was not error.

**5. SAME—EVIDENCE—TREASURY DEPARTMENT—RULES.**
    Rev. St. § 5492 [U. S. Comp. St. 1901, p. 3705], provides that every person who, having moneys of the United States in his hands, fails to deposit the same with the treasurer or some public depositary of the United States when required to do so by the Secretary of the Treasury, or the head of any other proper department, or by the accounting officer of the treasury, shall be deemed guilty of embezzlement thereof, etc. *Held*, in a prosecution under such statute against a clerk of the mint for failure to deposit the proceeds of the sale of old materials, that a rule of

---

¶ 4. See Jury, vol. 31, Cent. Dig. §§ 475, 478.

the Treasury Department requiring that all funds received from the sale of such materials shall be separately deposited on the last day of each quarter in which it was received in the treasury of the United States, etc., was admissible.

6. SAME—INSTRUCTION.

Where, in a prosecution against a clerk of the mint for failing to deposit moneys received from the sale of old materials before the expiration of the quarter in which the moneys were received, as required by Treasury Department rules, the quarter after the receipt of such money terminated on December 31, 1900, an instruction that defendant was not guilty if he deposited the money referred to in the indictment at any time before the last of the succeeding quarter, which was March 31, 1901, was properly refused.

7. SAME.

Where, in a prosecution of a clerk of the mint for failing to deposit moneys received for old materials, the court charged that in order to convict defendant the jury must find that his failure to deposit was intentional and willful, and in that connection read Rev. St. § 5492 [U. S. Comp. St. 1901, p. 3705], under which the indictment was found, such instruction sufficiently covered a request to charge that defendant must be acquitted if he had no notice or knowledge that he was required to deposit the money before the end of the quarter.

8. SAME—EVIDENCE.

A clerk of the mint received money for old materials on the 11th and 14th of December, 1900. He falsely entered the same on the records as having been received on the 3d of the following January. The superintendent of the mint testified that, in a conversation had on February 5th, defendant admitted that he had used the money, and that he knew of the regulation of the mint requiring the deposit of all such moneys on the last day of the quarter in which they were received, which was December 31, 1900. Defendant had been cashier of the mint from September 1, 1898, to September 1, 1899, and from that time was chief clerk. The book containing the treasury regulations for the deposit of money was in his room, and subject to his inspection. *Held,* that a verdict finding defendant guilty of wilfully failing to deposit such money as required was sustained by the evidence.

9. SAME—REQUEST TO DEPOSIT—GENERAL RULES.

In a prosecution of a clerk in the United States mint under Rev. St. § 5492 [U. S. Comp. St. 1901, p. 3705], providing that every person who, having money of the United States in his hands, fails to make deposit of the same when required to do so by the Secretary of the Treasury, shall be guilty, etc., a general regulation of the Treasury Department requiring the moneys to be deposited on the last day of each quarter in which they were received constituted a sufficient requirement by the Secretary of the Treasury for the deposit of the money.

10. SAME—ARGUMENT OF PROSECUTING ATTORNEY—FAILURE OF ACCUSED TO TESTIFY.

Where, in a prosecution of a clerk of the mint for failing to deposit moneys, L. had testified that the clerk had admitted the offense, and had stated that he had used the money for his own purposes, a remark of counsel for the government, in argument to the jury, that no one had contradicted L. in his statement of the facts with reference to the conversation with defendant, which he withdrew on objection being made that it was a comment on defendant's failure to testify, and after such withdrawal no further exception was taken by defendant, such remark was not error.

In Error to the District Court of the United States for the Northern District of California.

See 112 Fed. 350, 352.

The plaintiff in error was indicted for violation of the provisions of section 5492 of the Revised Statutes [U. S. Comp. St. 1901, p. 3705], which is as follows:

"Sec. 5492. Every person who, having moneys of the United States in his hands or possession, fails to make deposit of the same with the treasurer, or some assistant treasurer, or some public depositary of the United States, when required so to do by the Secretary of the Treasury, or the head of any other proper department, or by the accounting officers of the treasury, shall be deemed guilty of embezzlement thereof, and shall be imprisoned not less than six months nor more than ten years, and fined in a sum equal to the amount of money embezzled."

He was convicted under the seventeenth, nineteenth, and twentieth counts of the indictment. Judgment on the seventeenth count was arrested. The nineteenth and twentieth counts are the same in form. The nineteenth reads as follows:

"That Walter N. Dimmick, late of the Northern District of California, heretofore, to wit, on the eleventh day of December, in the year of our Lord one thousand nine hundred, at the city and county of San Francisco, State and Northern District of California, then and there being, was then and there a clerk of the United States Mint at San Francisco, State of California. in the District aforesaid, and was known and designated as chief clerk of said Mint, and as such clerk then and there had moneys of the United States of America in his hands and possession, to wit, the sum of three hundred and sixty-six and eighty-nine one-hundredth ($366.89) dollars, lawful money of the United States of America. That the said money came into the hands and possession of the said Walter N. Dimmick, and was received by him as clerk aforesaid, at the time and place aforesaid, from the sale of personal property belonging to the United States of America, to wit, from the sale of by-products and old materials of the United States Mint at San Francisco, State and Northern District of California aforesaid, and the said Walter N. Dimmick, as clerk aforesaid, then and there having in his hands and possession said sum of money, to wit, the sum of three hundred and sixty-six and eighty-nine one hundredth ($366.89) dollars, derived as aforesaid, was then and there required and requested by the Secretary of the Treasury of the United States, and the director of the Mint of the United States, to deposit the said money with the Assistant Treasurer of the United States at San Francisco, State and Northern District aforesaid, on the thirty-first day of December, in the year of our Lord one thousand nine hundred, said date being the last day of a quarter of the year one thousand nine hundred. That the said Walter N. Dimmick, as clerk aforesaid, having said money in his hands and possession, as aforesaid, knowingly, willfully and feloniously failed to make deposit of said money with the Assistant Treasurer of the United States at San Francisco, State and Northern District of California, on said thirty-first day of December, in the year of our Lord one thousand nine hundred."

The requirement and request by the director of the mint referred to in the indictment is a general regulation of the Secretary of the Treasury, which was made and which went into effect on November 1, 1890. It reads as follows:

"All funds received from the sale of by-products and old materials, and for assays of bullion, shall be separately deposited on the last day of each quarter in the Treasury of the United States, and the nature of the deposit specified in the certificate of deposit. The original certificate, together with a statement in detail of the receipts from each source, shall be forwarded to the Bureau of the Mint."

George D. Collins, for plaintiff in error.

Denson & Schlesinger, special counsel for the government, and M. B. Woodworth, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended that the indictment does not charge the accused with failure to deposit the money, but merely charges him with failing to deposit it on a specified date, and it is argued that, if the money were deposited on the day before or the day following the specified date, there would be no violation of the law. To answer this it is only necessary to refer to the terms of the statute and the language of the indictment. In the nineteenth count the indictment charges that the money was received by the plaintiff in error on December 11, 1900, and that he still had it in his hands and possession on December 31, 1900, that day being the last day of the quarter; in other words, the indictment charges that the money was not deposited before the 31st, and it then proceeds to allege that the plaintiff in error willfully, knowingly, and feloniously failed to deposit the same on that day. The statute requires, in plain terms, that the person referred to therein who has money of the United States in his possession shall deposit the same when required so to do by the Secretary of the Treasury or the head of any other proper department, and that, if he fail so to do, he shall incur the prescribed penalty. The indictment follows the statute, and charges the commission of the crime which is therein defined.

It is contended that the nineteenth and twentieth counts of the indictment are insufficient, for the reason that the money therein referred to is not described. The rule is that an indictment against a public officer or employé, even for embezzlement of public funds which came into his possession as such officer or employé, need not state what kind of money was embezzled, whether coin, and, if so, whether gold or silver, or bills, or of what denominations, and how many of each. The reason of the rule is too plain to require discussion. No one but the person in the possession of such moneys knows or can know what kind of money it is. United States v. Bornemann (C. C.) 36 Fed. 257, and cases there cited. It is contended that the decision in Moore v. United States, 160 U. S. 268, 16 Sup. Ct. 294, 40 L. Ed. 422, sustains a contrary doctrine, but we do not so understand the ruling in that case. That was a case in which a clerk of the post office was charged with embezzling moneys of the United States. It was objected to the indictment that it contained no direct allegation that the defendant was a clerk in the post office, that it did not describe the money, and that it did not charge that the money came into the possession of the defendant by virtue of his employment. The Supreme Court for those reasons held the indictment insufficient, and said that there was no reason why one who was not such an employé, and who embezzled funds of the government could not properly be charged with the kind and description of money so embezzled. But the court proceeded to say that if the indictment had charged that the defendant was a clerk in the post office, and that he had embezzled the sum stated, and that such sum came into his possession in that capacity, the indictment would have been held sufficient, notwithstanding the general description of the property embezzled as consisting of so many dollars and cents. The indictment in the case under consideration alleges that

121 F.—41

the plaintiff in error was a clerk in the United States mint, and that as such clerk he had in his possession the money for the failure to deposit which he was indicted.

It is contended that the verdict operates as an acquittal, for the reason that the plaintiff in error was found not guilty under the fifth and sixth counts of the indictment, which charge him with the crime of embezzlement with reference to the same moneys which are referred to in the nineteenth and twentieth counts. But the fifth and sixth counts are not the same as the nineteenth and twentieth, nor is the offense therein described the same as those for which the plaintiff in error was found guilty. The charge under the nineteenth and twentieth counts is for the failure to deposit when directed to deposit. It is true that by the language of section 5492, Rev. St. [U. S. Comp. St. 1901, p. 3705], it is declared that one who fails to comply with the requirement which directs him to deposit moneys of the United States shall be deemed guilty of embezzlement, but the offense consists, not in the imputed embezzlement of the money, but in the failure to comply with the direction to deposit. The offense may be complete without any actual embezzlement of money. It is committed when it is shown that there is a willful and felonious failure to comply with the specified requirements of the Secretary of the Treasury or the head of the proper department.

The point is made that the court erred in denying the challenges of the plaintiff in error to the jurors M. J. White, B. F. Wellington, and D. B. Crane. All of these jurors, when examined upon their voir dire, testified that they had formed impressions concerning the case, and Wellington stated that he had an opinion, but that it was based entirely upon newspaper accounts. They all testified, however, that they had no such impression or opinion as would prevent them from trying the case solely upon the evidence, and stated that they would be governed entirely by the evidence produced at the trial. There was clearly no error, therefore, in the ruling of the trial court upon the challenges. Williams v. United States, 35 C. C. A. 369, 93 Fed. 398.

It is contended that the court erred in overruling the objection of the plaintiff in error to the admission in evidence of section 4 of the regulations of the Treasury Department, which is above referred to in the statement of the case. The statute under which the indictment was brought contemplates that requirements, or, in other words, rules and regulations, may be made by the Secretary of the Treasury, or by the head of any other proper department, or by the governing officers of the Treasury. In Wilkins v. United States, 37 C. C. A. 588, 96 Fed. 837, the same point which is here made was made before the Circuit Court of Appeals for the Third Circuit. The court said: "The making of such regulations being, then, an executive act, we next inquire whether, when made, they have the force of law, and whether the courts take judicial notice of their existence. That such is the case the authorities show." There is no support for the contention of the plaintiff in error in the case of United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591. In that case Eaton was indicted for alleged violation of certain regulations made by the commissioner of internal revenue to enforce the act of Congress of August 2, 1886 (24

Stat. 209, c. 840 [U. S. Comp. St. 1901, p. 2228]). All that was decided was that there was no statutory authority for the particular regulation for the violation of which the defendant was indicted. So, in Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267, it was held that the Secretary of the Treasury cannot alter or amend a revenue law so that a violation of such alteration or the amendment thereof may become a criminal offense. But in In re Kollock, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813, where the court had under consideration the same statute as in the Eaton Case, it was held that the act authorized the Commissioner of Internal Revenue to make certain regulations which would have the force of law, and that by the violation thereof a criminal offense was committed. And in the Eaton Case the court admitted the same doctrine, in saying: "Regulations prescribed by the President and by heads of departments, under authority granted by Congress, may be regulations prescribed by law, so as lawfully to support acts done under them and in accordance with them, and may thus have, in proper sense, the force of law."

It is said that the court erred in refusing to instruct the jury that if the plaintiff in error did at any time before the last day of the succeeding quarter, which was March 31, 1901, deposit with the assistant treasurer the moneys referred to in the nineteenth and twentieth counts, he should be acquitted. The merit of this contention has already been discussed. The statute renders criminal the act of willfully failing to deposit money when required to deposit it. The money was received by the plaintiff in error on the 11th and 14th days of December. He was required to deposit it on December 31, 1900, the last day of the current quarter. The instruction was properly refused.

It is contended that the court erred in refusing to instruct the jury that the plaintiff in error must be acquitted if he had no notice or knowledge that he was required to deposit the money on December 31, 1900. The court properly instructed the jury on this branch of the case, and charged them that, in order to hold the plaintiff in error guilty of a violation of the statute, they must find that his failure to deposit was intentional and willful, and in that connection the court read to the jury the section of the statute under which the indictment was found.

It is contended that there was no evidence in the case to show that the defendant had notice or knowledge of the regulation which was admitted in evidence. But there was evidence to show that the money which he was charged to have received under the nineteenth and twentieth counts was received by him, respectively, on the 11th and the 14th days of December, 1900, and that he falsely entered the same in the records of the mint as having been received by him on the 3d day of the following January. The superintendent of the mint testified to a conversation which he had with the plaintiff in error on February 5th, in which the latter admitted that he had used these sums of money, and in substance admitted that he knew of the regulation. The plaintiff in error was an experienced clerk in the mint. He was cashier from September 1, 1898, to September 1, 1899, and from that time on was chief clerk. The money which, according to the nineteenth and twentieth counts, he failed to deposit, was money received by him as

the proceeds of the sale of by-products of the mint and old materials. It was the business of the chief clerk to collect all such bills and deposit the money with the subtreasury. The book containing the regulation as to deposits was in his room for his guidance. All these facts, together with the other circumstances proven in the evidence, were sufficient to sustain the conclusion of the jury that the plaintiff in error had actual knowledge of the regulation and intended willfully to disobey the same. In this connection the point is made that a general regulation is not sufficient to constitute a requirement under the language of the statute. The trial court ruled adversely to this contention, and we find no error in its ruling. It was proper and fitting to regulate the movements of the employés of the mint by printed and published directions for their guidance. A requirement thus published is as truly a demand upon the employé as would have been a personal notice or demand, and it possesses a superior stability and certainty.

We find no merit in any of the objections which the plaintiff in error makes to the charge which was given to the jury, or the refusal of the court to charge as requested. The court properly instructed the jury on the subject of the good character of the accused, and in regard to reasonable doubt. He informed them that the accused could not be convicted on his own statements without other evidence of the commission of a crime.

It is urged that there was error in that the special counsel for the prosecution, in his argument to the jury, commented upon the fact that the plaintiff in error had failed to testify in his own behalf. What counsel said was this: "In refutation of what counsel says, you will bear me out that no one has contradicted Mr. Leach in his statement of the facts with reference to the conversation with Mr. Dimmick." This remark, unexplained, might well have been regarded by the jury as a comment upon the failure of the accused to testify, for it did not appear that any third person overheard the conversation between the accused and Mr. Leach. But when objection was made, and the attention of counsel for the prosecution was directed to his remark, he denied that he had referred therein to the plaintiff in error or to his failure to take the stand, and upon the suggestion of the court withdrew his remark, and stated that it was not in his mind to comment upon or refer to the fact that the plaintiff in error had or had not been a witness; whereupon the following colloquy occurred: "Mr. Collins: Then I understand the remark is withdrawn? Mr. Denson: Yes." It would thus appear that the remark was withdrawn, and that the counsel for plaintiff in error was satisfied with the withdrawal, and that he took no further exception. Under all the circumstances, we think no error was committed which could affect the substantial rights of the plaintiff in error.

It is contended that there was no evidence sufficient to sustain the verdict. There was evidence that the plaintiff in error received the money in December; that he knew of the regulation; that he failed to deposit the money on the last day of the quarter in which it was received; that he made false entries of the date of its reception, so that it might appear to have been received by him in the following quarter; that he did not deposit it until March 31, 1901; and that on February

5, 1901, he admitted to the superintendent that he had applied the money to his own use.   These leading facts, together with other details of the testimony, are sufficient to sustain the verdict of the jury.

We find no error in the record for which the judgment should be reversed.   The judgment is affirmed.