## CORBIN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1913.)

No. 3,789.

1. POST OFFICE (§ 36*)—EMBEZZLEMENT BY POSTMASTER—INDICTMENT—POSSESSION OF MONEY.

Pen. Code (Act March 4, 1909, c. 321) § 225, 35 Stat. 1133 (U. S. Comp. St. Supp. 1911, p. 1657), provides that whoever, being a postmaster, shall convert to his own use any money or property coming into his hands or under his control in any manner whatever in the execution of his office, shall be guilty of embezzlement. *Held*, that an indictment charging that while accused was a postmaster he unlawfully and feloniously converted to his own use money of the United States which came into his hands by virtue of his office would be held to mean money in his official possession at the time of the conversion, and it was therefore not fatally defective because it failed to charge that he had lawful possession of the money "in a fiduciary capacity" at that time.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 56; Dec. Dig. § 36.*]

2. CRIMINAL LAW (§ 878*)—INDICTMENT—COUNTS—INCONSISTENT DISPOSITION.

Accused, a postmaster, was charged in one count with feloniously converting to his own use money of the United States which came into his office, and in the second count with embezzling the same amount of money which he had in his official possession or custody, by failing to remit or deposit it as required by law. *Held*, that the direction of a verdict of not guilty on the second count did not preclude a conviction on the first count for inconsistency.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2098–2101; Dec. Dig. § 878.*]

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Fred A. Corbin was convicted of violating Pen. Code, § 225, prohibiting embezzlement by a postmaster, and he brings error. Affirmed.

F. A. Peterson, of Lincoln, Neb. (R. S. Mockett, of Lincoln, Neb., on the brief), for plaintiff in error.

A. W. Lane, Asst. U. S. Atty., of Lincoln, Neb. (F. S. Howell, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. Corbin was convicted and sentenced for violating section 225 of the Penal Code, which provides that:

"Whoever, being a postmaster or other person employed in or connected with any branch of the postal service, shall * * * convert to his own use * * * any money, or property coming into his hands or under his control

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in any manner whatever, in the execution * * * of his office, employment, or service, * * * shall be deemed guilty of embezzlement."

The first count of the indictment under which the conviction was had charged that the accused was a postmaster at a place named, that as such postmaster he was connected with the postal service of the United States, and that he unlawfully, knowingly, and feloniously converted to his own use and embezzled a specified sum of money belonging to the United States, which "came into his hands and under his control in the execution and by virtue of his said office as postmaster."

[1] The accused contends that the count of the indictment is fatally defective because it does not charge that he had lawful possession of the money "in a fiduciary capacity at the time of the conversion." In other words, it is claimed that an affirmative averment of possession at the precise time of conversion is necessary to negative a trespass or larceny. We think the point is without merit. The charge contains all the elemental ingredients of the statutory offense. It was sufficient to inform the accused of the charge he had to meet, and to protect him from further prosecution after conviction or acquittal. Everywhere written expressions must be read and understood with natural implications, and even in an indictment for crime it is not necessary to negative everything that may be ingeniously suggested in defense. Here the charge was that while the accused was a postmaster he unlawfully and feloniously converted to his own use money of the United States which came into his hands by virtue of his office. According to common understanding that means the money was in his official possession when it was converted. If in fact the custody so changed in some way that his act was larceny, instead of embezzlement, it was a matter of defense. In Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966, which involved an indictment under section 5209, Rev. Stat. (U. S. Comp. St. 1901, p. 3497), the court said:

"There can be no doubt of the sufficiency of the first count on which the defendant was convicted. It avers that the defendant was president of a national banking association, that by virtue of his office he received and took into his possession certain bonds (fully described), the property of the association, and that, with intent to injure and defraud the association, he embezzled the bonds and converted them to his own use. On principle and precedent, no further averment was requisite to a complete and sufficient description of the crime charged."

See McBride v. United States, 42 C. C. A. 38, 101 Fed. 821; Clement v. United States, 79 C. C. A. 243, 149 Fed. 305; Smith v. United States, 85 C. C. A. 353, 157 Fed. 721.

[2] In the second count of the indictment the accused was charged with embezzling the same amount of money which he had in his official possession or custody, by failing to remit or deposit it as required by law. In submitting the case to the jury the trial court withdrew this charge from their consideration and directed an acquittal. It is now contended that the verdict of guilty on the first count and not guilty on the second "is inconsistent and repugnant, and therefore void." If we could assume that the money described in the

two counts was the same, which we cannot do, because the evidence is not before us, a common instance of charging in separate counts different ways of committing the same offense would be presented. Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415. In such a case the withdrawal of one count, by directing a verdict at the final submission of the case, does not affect the other. Here there was a single verdict covering both counts, not a prior acquittal of the same offense, and the rights of the accused were not prejudiced.

The judgment is affirmed.