### 9503. O'BRIEN *v.* THE STATE.

Where an accusation charged in one count the unlawful possession of spirituous liquors, and in another count an unlawful sale of spirituous liquors, an acquittal on the first count did not render illegal a conviction on the other.

DECIDED MAY 1, 1918.

Accusation of misdemeanor; from city court of Savannah— Judge Rourke. December 22, 1917.

The accusation contained two counts, the first charging unlawful possession of spirituous liquor, and the second charging unlawful sale of such liquor. The State's witness testified that the defendant sold the liquor; a witness for the defendant testified that he did not. A witness present a part of the time referred to by these witnesses testified that he did not see any liquor. There was evidence as to drunkenness, profane language, and a fight. The jury acquitted the defendant on the first count and convicted him on the second. He made a motion for a new trial and a motion in arrest of judgment, both of which were overruled, and he excepted. The motion for new trial was based on the usual general grounds and on the following charge to the jury: "In the event you should find this defendant guilty upon one count of the accusation and not guilty upon the other,—that is, if you find him guilty upon the count that he unlawfully had, controlled, or possessed, or that he sold liquor, and not guilty upon the other,—you should specify in your verdict the number of the count you find him guilty upon, and the number of the count that you find him not guilty upon." The motion in arrest of judgment alleged that

."the verdict finding the defendant guilty upon the second count, charging the offense of the sale of spirituous liquors on the same date named in the first count, is inconsistent with the verdict of not guilty rendered on the first count, charging the defendant with the offense of having spirituous liquors in his possession." There were other grounds raising substantially the same question.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

. HARWELL, J. (After stating the foregoing facts.) It is insisted that the conviction on the second count—the count charging the sale of intoxicating liquor—is inconsistent with the acquittal on the first count, charging the accused with having intoxicating liquor in his possession and control, and that the verdict can not stand and no legal sentence can be entered thereon. While this contention is ingenious, we can not agree with the able counsel for plaintiff in error. "If defendant is charged with separate and distinct crimes, although of a similar character, in two or more counts, a verdict of acquittal on one or more counts and conviction on the others is not inconsistent." 12 Cyc. 695 (v). In Griffin *v.* State, 18 Ohio St. 444, it is said by the court: "This is a technical objection, and a technical answer to it is sufficient. As we have already said, the theory of the law is that each count of the indictment charges a distinct offense; hence it follows that the finding of the jury as to a particular count is independent of and unaffected by the finding upon another count." In Weinecke *v.* State, 34 Neb. 14 (51 N. W. 310), that court said: "The evidence would have justified a conviction under both counts of the information. Both offenses were committed by the same person and at the same time. It is, indeed, unexplainable how the jury arrived at the verdict returned. As a separate offense is charged in each count, the verdict is not void. The defendant can not complain because he was acquitted of the first offense. The error was in his favor. State *v.* Turner, 6 Baxt. 201." See also Com. *v.* Lowrey, 159 Mass. 62 (34 N. E. 81); Com. *v.* Ruisseau, 140 Mass. 363 (5 N. E. 166); Pettes *v.* Com. 126 Mass. 242. "Where distinct offenses are charged in separate counts . . there may be an acquittal on some counts and a conviction or disagreement on others." 2 Bishop's New Crim. Proc. § 1015 a (4) (p. 884),

and cases cited. See also *Hathcock* v. *State*, 88 *Ga.* 91 (2) (13 S. E. 959); *Tooke* v. *State*, 4 *Ga. App.* 495 (3-*d*) (61 S. E. 917).

The acquittal of the defendant on the first count is really in his favor, as the jury were authorized under the evidence to convict him also on that count. We have no means of knowing what led the jury to find as they did, and it would serve no useful purpose to speculate thereon. The offenses charged in the two counts are separate and distinct, and under the authorities above cited the court did not err in overruling the motion to arrest the judgment. The other headnotes need no elaboration. The verdict was authorized by the evidence, and the judgment is

*Affirmed. Broyles, P. J., and Bloodworth, J., concur.*