## HINKHOUSE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1920.)

No. 3395.

1. **Criminal law ⊙=878(4)—Acquittal under one count consistent with conviction under another containing additional element.**

An acquittal on the second count of an indictment for violating the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212k) is not inconsistent with a conviction under the first count, where the first count contained the element of intent to interfere with the success of military service, which did not enter into the offense alleged in the second count.

2. **Criminal law ⊙=1159(4)—Where testimony of person to whom statements violating Espionage Act were made supported charge, conviction not reversed.**

Where there was direct testimony by the witness to whom defendant was alleged to have made statements counseling surrender of declaration of intention of citizenship to avoid selective service, which supported the charge, plaintiff in error's contention that conviction was not authorized is without merit; the credibility of the testimony being entirely for the determination of the jury.

3. **Criminal law ⊙=371(1)—Evidence of other similar statements admissible to prove intent.**

In a prosecution for violation of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212k), evidence of other statements made by defendant similar to those charged in the indictment is admissible, when limited by the court to the determination whether the statements alleged were willfully made and for the purpose alleged.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Frank Hinkhouse was convicted of violating the Espionage Act, and he brings error. Affirmed.

Horatio S. Davis and McCarthy & Edge, all of Spokane, Wash., for plaintiff in error.

Francis A. Garrecht, U. S. Atty., and Charles H. Leavy, Asst. U. S. Atty., both of Spokane, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was indicted in the court below under the act of Congress known as the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212k), which made it a crime, among other things, for any person willfully and unlawfully to make or convey false reports or false statements, with intent to interfere with the operation and success of the military and naval forces of the United States, or to utter language intended to bring the military forces of the United States into contempt, scorn, or disrepute, or to willfully and unlawfully attempt to obstruct the recruiting and enlistment service of the United States.

The indictment contained three counts, the first of which alleged

in substance that on or about July 20, 1918, in the county of Grant, state of Washington, while the United States was at war with the Imperial German Government, the plaintiff in error did willfully and unlawfully make and convey certain specified false reports and statements to certain named persons, with intent to interfere with the operation and success of the military and naval forces of the United States; and the second count alleged that at the same time and place he willfully and unlawfully made to the same named persons the same statements, with intent to bring the military forces of the United States into contempt, scorn, and disrepute.

The third count of the indictment charged that on or about October 5, 1918, at a place within the jurisdiction of the court below, the plaintiff in error did willfully and unlawfully attempt to obstruct the recruiting and enlistment service of the United States, by then and there advising, counseling, directing, and urging one Peter T. Dirks, and other persons to the grand jurors unknown, to surrender their declarations of intention to become citizens of the United States, thereby freeing themselves from liability to induction into the military forces of the United States; such persons then and there being male persons between the ages of 18 and 45 years inclusive, residing within the United States, and having declared their intentions to become citizens thereof, and being subject to registration for military service under the act of Congress of May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), entitled "An act to authorize the President to increase temporarily the military establishment of the United States," as amended by the act of August 31, 1918 (40 Stat. 955).

The trial resulted in a verdict of guilty under the first and third counts of the indictment, and not guilty under the second. The plaintiff in error contends that the verdict respecting counts 1 and 2 is inconsistent, and in effect that his acquittal under the second count is virtually an acquittal under the first also.

[1] That is plainly not so, we think, for, as said by the court below in its charge to the jury, the crime charged in the first count consists of four elements, one of which is the intent to interfere with the operation or success of the military service of the United States, which element in no wise enters into the offense charged in the second count.

[2] In respect to the crime charged in the third count, it is contended for the plaintiff in error that there was no sufficient proof of it, in answer to which contention it is sufficient to point to the testimony of the witness Dirks, who gave direct testimony tending to support the charge, the credibility of which testimony was, as a matter of course, entirely for the determination of the jury.

[3] The record shows that other testimony was introduced by the government tending to show that the defendant to the indictment had made similar statements and declarations on other occasions, which the plaintiff in error contends was erroneously admitted; but it was admitted, as the court below expressly stated, for the sole purpose of enabling the jury to determine whether the statements alleged in the third count of the indictment to have been made by the defendant

thereto, if made, were made willfully and for the purpose charged in the indictment, and the court below was careful to instruct the jury that beyond that such other statements could not be considered at all.

The judgment is affirmed.