### MILLICH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3814.

1. **Internal revenue ⬅47—Intoxicating liquors ⬅211—Indictment for possessing liquor and carrying on business held not demurrable.**

Counts in an indictment for having unlawful possession of intoxicating liquor and for carrying on the business of retail liquor dealers, by offering distilled spirits for sale in less quantities than five gallons without having paid the special tax, *held* not subject to demurrer.

2. **Internal revenue ⬅47—Imprisonment not authorized on first conviction for carrying on business of retail liquor dealer.**

Under National Prohibition Act, tit. 2, § 29, imprisonment as well as a fine is not authorized on a first conviction of the offense of carrying on the business of retail liquor dealers without paying the special tax, as the former revenue laws are repealed to the extent that a less penalty is fixed by the act.

3. **Criminal law ⬅1183—Illegal punishment may be mitigated, reduced, or changed by appellate court.**

An appellate court, in affirming a conviction, may modify the punishment imposed by the trial court, by mitigating, reducing, or otherwise changing it, so far as it exceeds the limits prescribed by the statute.

4. **Criminal law ⬅878(4)—Acquittal on charge of selling not inconsistent with conviction for possessing.**

There was no inconsistency in a verdict finding defendants guilty of possessing intoxicating liquor and not guilty under counts charging unlawful sales, where the evidence warranted a finding of unlawful possession, even though the sales charged were not made.

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Eluy Millich, alias Charles Miller, and another, were convicted of offenses under the National Prohibition Act, and bring error. Modified and affirmed, and remanded, with directions.

There were four counts in the indictment in this case, under 1 and 3 of which the plaintiffs in error were by the jury found guilty; the verdict being not guilty as respects counts 2 and 4. Count 1 alleged that at a certain time and place within the jurisdiction of the court below the defendants did "in and on the premises known as Alaskan Café, adjoining the Alaskan Hotel on the west, and being on the north side of Front street, then and there knowingly, willfully, and unlawfully have in their possession certain intoxicating liquor, to wit, whisky containing more than one-half of 1 per centum of alcohol by volume, the exact amount of said whisky being unknown to the grand jurors."

Count 2 alleged that the defendants at the same time and place did "then and there willfully and unlawfully sell to Richard H. Gleason intoxicating liquor, to wit, whisky containing more than one-half of 1 per centum of alcohol by volume, the exact amount of said whisky being unknown to the grand jurors."

Count 3 alleged that at the same time and place the defendants did "then and there knowingly, willfully, unlawfully, and feloniously carry on the business of retail liquor dealers, by then and there selling and offering for sale distilled spirits in quantities less than five gallons, without having first paid the special tax as required by law."

Count 4 alleged that at the same time and place the defendants thereto did "then and there willfully and unlawfully sell to James O'Brien, for intoxicating beverage purposes, intoxicating liquor, to wit, whisky containing more than one-half of 1 per centum of alcohol by volume, the exact amount of said whisky being unknown to the grand jurors."

The assignments of error, so far as need be stated, are to the effect that the court erred in overruling the demurrer to the counts as to which the plaintiffs in error were found guilty; that it erred in refusing to direct a verdict in their favor at the close of the testimony as to count 3, and in overruling a motion made in their behalf for a judgment notwithstanding the verdict.

Hellenthal & Hellenthal, of Juneau, Alaska, for plaintiffs in error.
A. G. Shoup, U. S. Atty., of Juneau, Alaska.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). [1] Under repeated rulings of various federal courts, we think it clear that the demurrer to each of the counts of the indictment in this case under which conviction was had was properly overruled.

[2] The late decision of the Supreme Court in the case of United States v. Yuginovich et al., 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, held that the National Prohibition Act, commonly known as the Volstead Act (41 Stat. 305), repealed the previously existing provisions of the internal revenue laws only to the extent of the clear inconsistencies of the two, but further held that, where the later act mentioned fixes a less penalty than the former revenue laws for substantially the same acts, the penalty fixed by the latter repeals that prescribed by the former. Therefore it is clear that the attorney for the government is quite right in conceding that the penalty imposed by the court below on the plaintiffs in error under count 3 of the indictment should be reduced to the extent of remitting the jail sentence, since the National Prohibition Act does not authorize the imposition of

imprisonment as well as a fine for a first offense, such as was the case here. Section 29, tit. 2, 41 Stat. 305, 316.

[3] "The appellate court, in affirming a conviction, may modify the punishment imposed by the trial court, by mitigating, reducing, or otherwise changing it, so far as it exceeds the limits prescribed by the statute. This rule applies to a fine or a sentence to a term of imprisonment in excess of that permitted by a statute, to a fine rendered against defendants jointly, to a sentence on a general verdict of guilty where one of several counts is unsustained by any evidence, and to a premature sentence." 12 Cyc. 938.

[4] Respecting the conviction of the plaintiffs in error under count 1 of the indictment, and the judgment based thereon, the plaintiffs in error contend that the verdict of guilty under that count was inconsistent with the verdict of not guilty under counts 2 and 4. We see no such necessary inconsistency; for from the evidence in the case the jury may have believed that, although the plaintiffs in error did not at the time and place alleged sell any whisky to either Richard H. Gleason or James O'Brien, they nevertheless then and there knowingly, willfully, and unlawfully had such intoxicating liquor in their possession.

The case is remanded to the court below, with directions to so modify the judgment as to omit the prescribed imprisonment of the plaintiffs in error under count 3 of the indictment, and, as so modified, the judgment will stand affirmed.