### BALDINI v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. January 22, 1923. Rehearing Denied February 26, 1923.)

No. 3836.

Criminal law ⬤�age878(4)—Verdicts of acquittal and conviction on different counts held not inconsistent.

An acquittal on a count charging unlawful possession of liquor, *held* not to render invalid a conviction on a second count, charging maintenance of a common nuisance by selling liquor in a designated place of business, where it does not appear that the two counts relate to the same transaction.

In Error to the United States District Court for the District of Nevada; Edward S. Farrington, Judge.

Criminal prosecution by the United States against A. Baldini. Judgment of conviction, and defendant brings error. Affirmed.

McCarran & Mashburn and John F. Kunz, all of Reno, Nev., and Theodore J. Savage and Clifford D. Good, both of San Francisco, Cal., for plaintiff in error.

George Springmeyer, U. S. Atty., and Chas. A. Cantwell, Asst. U. S. Atty., both of Reno, Nev.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. An indictment was filed in the court below against the plaintiff in error and one G. Gemignani, containing two counts, each charging them with an offense against the National Prohibition Act (41 Stat. 305)—the first in that they had in their possession at Reno, Nev., intoxicating liquors containing one-half of 1 per cent. or more of alcohol, by volume, and being fit for use for beverage pur-

poses; and by the second count they were charged with maintaining a common nuisance by willfully and unlawfully keeping intoxicating liquor for sale at a designated place in Reno, called the Tuscano Hotel, such liquor containing one-half of 1 per cent. or more of alcohol, by volume, and being fit for use for beverage purposes. It appears from the record that the trial of the case resulted in a verdict finding Gemignani guilty under the first count and not guilty under the second, and the plaintiff in error guilty under the second count and not guilty under the first.

The bill of exceptions shows that the plaintiff in error, at the time of his arraignment, requested, through his counsel, a bill of particulars upon the second count, pursuant to which demand the district attorney prepared, served, and filed such bill, in which it was stated that:

"* * * In reference to the charges embraced within the indictment for maintaining a common nuisance in violation of the National Prohibition Act, the government, in the trial of this case, will rely upon the testimony of one George Masters, who will testify that on September 22, 1921, George Masters purchased, in the building occupied by the defendants as a soft drink parlor, four drinks of intoxicating liquor and paid therefor the sum of 50 cents a drink; that thereafter, and on the same day, George Masters purchased from the said defendants one bottle containing intoxicating liquor, fit for use as a beverage, and paid therefor the sum of $2."

The bill of exceptions further shows that Masters was the only witness introduced by the government to sustain the count of the indictment under which the plaintiff in error was convicted.

The main contention on his part, and, indeed, the only one we think worthy of special mention, is that the verdict finding him guilty under the second count is wholly inconsistent with the finding in his favor of not guilty under the first count, thereby, it is claimed, rendering the verdict void. Counsel for the government rightly concede that, if the two counts related to the same transaction, the position taken on behalf of the plaintiff in error is valid. It was so held by this court in the recent case of Rosenthal v. United States, 276 Fed. 714, and is the well-established law. But we are unable to hold that the record shows that the two alleged offenses did relate to the same transaction.

In the first place it cannot be properly held that the indictment so charges. It is true that both are alleged to have been committed at Reno; but the second count charges that the offense therein described was committed at a specified place in the city of Reno, to wit, the Tuscano Hotel, whereas in the first count there is no such specific location of the place at which the offense therein defined was committed.

Moreover, the record affirmatively shows that the only evidence introduced under the second count of the indictment was the testimony of Masters, which is set out in full, and in which no mention whatever is made of Gemignani. It is obvious, therefore, that as it appears that Gemignani was convicted under the first count there must necessarily have been some evidence going to show the alleged possession by Gemignani of the prohibited liquor. We therefore think it clear that the record fails to show that the two alleged offenses related to the same transaction. It hardly needs to be said that no pre-

sumption to that effect can be indulged. See Com. v. Lowrey, 159 Mass. 62, 34 N. E. 81, and cases there cited.

Finding no error for which the judgment should be reversed, it is affirmed.