## MILNER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

### No. 4120.

**1. Criminal law ⚖⇒622(1), 1152(1)—Granting or refusing separate trials discretionary.**

The granting or refusing of separate trials to defendants jointly charged rests in the legal discretion of the court, and its action is reviewable only for an abuse of discretion.

**2. Indictment and information ⚖⇒130—Counts for larceny and for receiving stolen goods may be joined.**

Joinder of counts for larceny and for receiving stolen goods is authorized by Rev. St. § 1024 (Comp. St. § 1690).

**3. Criminal law ⚖⇒878(4)—Verdict of conviction on count charging receiving of stolen goods not inconsistent with verdict of acquittal on count for stealing the same.**

Under an indictment charging larceny and the receiving of the stolen goods, in separate counts, a verdict of conviction on the count for receiving the goods, knowing them to have been stolen, is not inconsistent with a verdict of acquittal of the particular defendants charged on the larceny count.

In Error to the District Court of the United states for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against Philip L. Milner. Judgment of conviction, and defendant brings error. Affirmed.

Samuel H. Myers and William M. Howard, both of Augusta, Ga., for plaintiff in error.

Charles E. Donnelly, Asst. U. S. Atty., of Savannah, Ga. (F. G. Boatright, U. S. Atty., of Cordele, Ga., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The defendant, Philip L. Milner, and eight others, were jointly indicted for the larceny from a railroad car of a large quantity of cigarettes moving in interstate commerce, and also for receiving the said cigarettes knowing the same to have been stolen. Several of the defendants pleaded guilty to the larceny. Milner and one Moorer were tried together. At the conclusion of the evidence the court of its own motion announced that it would submit the case against Moorer upon the larceny counts, and the case against Milner upon the counts charging receiving stolen goods with knowledge that they had been stolen. Thereupon Milner moved for a severance and a separate trial, but the court denied the motion. The jury disagreed as to Moorer's guilt, but convicted Milner as charged upon the counts for receiving stolen goods. Milner moved to arrest the judgment upon the ground that the verdict was inconsistent and repugnant.

[1] It was within the discretion of the court to refuse to grant to the defendant a separate trial. No abuse of that discretion is shown. Riddle v. United States (C. C. A.) 279 Fed. 216.

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The crimes of larceny and of receiving stolen goods with knowledge that they had been stolen are of the same class and are closely connected. A presumption of larceny is authorized against one found in possession of goods recently stolen, where he fails to give a reasonable explanation of his possession. What explanation, if any, a defendant will give, is frequently unknown to the prosecution. The defendant may explain the possession by evidence that he bought or received the stolen goods from some one else. The jury may believe this explanation, but may also believe that the defendant received the goods with knowledge that they had been stolen. And so it is not unusual to charge the defendant, in separate counts, with larceny and with receiving stolen goods with guilty knowledge. This method of charging these crimes in separate counts in one indictment is clearly authorized, as it seems to us, by R. S. § 1024 (Comp. St. § 1690).

The case of McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, relied on by the defendant, is not inconsistent with this conclusion, as appears from the following statement contained in the cited case:

"In the case at bar, the two indictments for assault with intent to kill on April 16, 1894, and the indictment for arson on May 1, 1894, were against all of the defendants, while the indictment for arson committed April 16. 1894, the same day of the alleged assaults with intent to kill, was against three of the defendants and not against the others."

[3] Under the indictment in this case, it was essential to prove that the goods had been stolen while they were moving in interstate commerce, and that the defendant received the goods with knowledge that they had been stolen; but it was not necessary to prove that Moorer, or any particular defendant, committed the theft. It follows that it was not necessary to prove that Moorer was guilty under the larceny counts, especially in view of the fact that others jointly indicted with the defendant had pleaded guilty to the larceny. There was therefore nothing inconsistent or repugnant in the verdict.

The judgment is affirmed.