## GOZNER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 9, 1925.)

No. 4336.

**1. Criminal law ⟨⟩878(1)—Each count in effect a distinct indictment, and jury finding on such counts independent.**

Where indictment contains several counts, each count is in contemplation of law a separate and distinct indictment, and finding of jury as to each count must be considered as independent verdict, distinct from, and not limited or affected by, findings as to other counts.

**2. Criminal law ⟨⟩878(4)—Verdict on single count, consistent with itself, though apparently inconsistent with verdict on another count, is not inconsistent verdict.**

Verdict on a single count of indictment, consistent with itself, though apparently inconsistent with verdict on another count, is not an inconsistent verdict.

**3. Criminal law ⟨⟩881(1)—Intelligible verdict, supported by evidence, valid, though apparently illogical, or based on misconception of fact or mistake.**

If verdict be intelligible, and supported by sufficient evidence, mere fact that it appears to court to be illogical, or result of a misconception of fact or mistake of judgment, or to be otherwise unreasonable and contrary to fact, does not affect its sufficiency or validity.

**4. Criminal law ⟨⟩878(4)—Verdict of acquittal on particular counts of indictment held not to have force of res judicata, precluding conviction on subsequent count.**

A verdict of acquittal on counts charging unlawful possession of liquor and property designed for manufacturing liquor, and unlawful manufacture, held not to have force of res judicata, precluding conviction on count charging maintenance of nuisance under National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), though evidence tending to show guilt thereunder also tended to show guilt under prior counts.

**5. Criminal law ⟨⟩878(4)—Conviction for maintaining liquor nuisance held not invalidated by acquittal on other counts.**

Verdict of guilty on count of indictment charging maintenance of nuisance in violation of National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj) held not invalidated by acquittal on other counts, though evidence tending to establish guilt under nuisance count also tended to establish guilt under other counts.

Donahue, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

John J. Gozner was convicted of maintaining nuisance, in violation of National Prohibition Act, and he brings error. Affirmed.

Gerard J. Pilliod, of Cleveland, Ohio, for plaintiff in error.

A. E. Bernsteen, U. S. Atty., and Fred Grabien, Asst. U. S. Atty., both of Cleveland, Ohio, for the United States.

Before DONAHUE and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge. The plaintiff in error was jointly indicted with two others (who are not parties to this appeal) upon four counts. The first count charged unlawful possession of intoxicating liquor; the second, unlawful possession of property designed and intended for use in the manufacture of intoxicating liquor; the third, unlawful manufacture of intoxicating liquor; and the fourth, the maintenance of a common nuisance, as defined by section 21 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj) in that defendants maintained a place where intoxicating liquors were kept and sold in violation of title 2 of the National Prohibition Act (41 Stat. 307).

Upon the trial of the cause the other two defendants were found guilty on all four counts of this indictment. The plaintiff in error was found not guilty on the first, second, and third counts, and guilty of maintaining a nuisance as charged in the fourth count. It is claimed on behalf of the plaintiff in error that the evidence was not sufficient to sustain the verdict, and that the verdict is inconsistent, and therefore void.

No evidence was offered tending to prove that plaintiff in error or his codefendants maintained a nuisance, in violation of title 2 of the National Prohibition Act, at any place other than at the place where they were charged with having committed the offenses covered by the first three counts. The evidence tending to show guilt under the nuisance count also tended to show guilt under the possession and sale counts.

Section 21 of title 2 of the National Prohibition Act provides that "any room, house. building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined," etc.

Upon the evidence the jury found plaintiff in error not guilty of unlawful posses-

sion of intoxicating liquor, as charged in the first count; not guilty of unlawfully having in his possession property designed and intended for use in the manufacture of intoxicating liquor, as charged in the second count; and not guilty of manufacturing intoxicating liquor, as charged in the third count; but guilty of maintaining a nuisance, as charged in the fourth count.

The claim of the plaintiff in error to the effect that there was not sufficient evidence to sustain the verdict of guilty on the fourth count is in substance based upon and arises from his contention that the only evidence tending to show him guilty of maintaining a nuisance tended with equal force to show him guilty of the unlawful possession or manufacture, or both, charged in the other counts, and that by his acquittal under those counts the only questions of fact on which he could be convicted under the fourth count were conclusively decided in his favor, leaving no question of fact then open for consideration by the jury in reaching its verdict on the fourth count; and it is also urged that the finding of guilt as to the fourth count, charging the maintenance of a nuisance, is so inconsistent with the findings of innocence as to the other offenses charged (which are claimed by plaintiff in error to be constituent elements of the crime of maintaining a nuisance) that the conviction cannot stand.

A majority of the court are not able to agree with or accept the contentions thus presented. While it is not easy to understand the precise nature of the legal reasoning underlying such contentions, it would seem that the theory on which they are based is twofold, or at least has a double aspect. It appears to rest, in the last analysis, upon the notion either that a verdict on an indictment containing several counts is in law a single, indivisible verdict, and therefore cannot be repugnant nor inconsistent with itself, or else that the findings of such a verdict are to be regarded as successive verdicts, rendered in the same order of time as the various counts are set forth in the indictment, and that therefore, in so far as the subject-matter of any particular count is an element or incident of an offense charged in a subsequently stated count, a finding of innocence as to the first-mentioned count operates as res judicata with respect to the subject-matter of such subsequent count. We cannot escape the conviction that this entire argument and the conclusions based thereon are fallacious and erroneous. [1, 2] It is elementary that, where an indictment contains several counts, each count is,

in contemplation of law, a separate and distinct indictment. It necessarily follows that the finding of the jury as to each one of such counts must be considered as an independent verdict, separate and distinct from, and not limited nor affected by, the findings of the jury as to the other counts. Viewed thus in its true legal aspect, the verdict on any single, particular count, if consistent with itself, although apparently inconsistent with the verdict on another count, is not an inconsistent verdict, within the meaning of the rule of law requiring that a verdict must not be repugnant nor inconsistent. Such rule is, of course, settled and recognized, and is founded on necessity. A verdict which is self-contradictory is so indefinite as to be meaningless, and cannot, therefore, be given effect as an expression of the findings of the jury, for the reason that it fails to show what such findings really were. Where, however, as in the case of a separate verdict on one certain count of an indictment, the finding intended to be made by the jury as to such count is plain, there is no room for the application of such rule.

[3] It is equally clear that, if the verdict of a jury be intelligible and based on sufficient evidence to support it, the mere fact that such verdict appears to the court to be illogical, or the result of a misconception of fact or mistake of judgment by the jury, or to be otherwise unreasonable and contrary to fact, does not affect its sufficiency or validity, since the power of the jury to decide questions of fact (within the limitations just mentioned) is supreme, and not subject to interference by the court. So the legal sufficiency of a verdict of a jury finding guilt as to one crime is not affected by its inconsistency with another and simultaneous verdict of the same jury finding innocence as to another crime, since such inconsistency indicates only a mistake on the part of the jury in respect to one of such verdicts, and even if it were possible (as it is not) to determine which of them is incorrect there would be no means, under the present system of the infallibility of the jury, of correcting such mistake. In such a case, if it be assumed that one of the verdicts is erroneous, there is at least as much reason to consider the verdict of innocence incorrect as there is to consider the verdict of guilt improper.

[4] Neither can we agree with the argument presented on behalf of the plaintiff in error to the effect that the verdict of acquittal on the first, second, and third counts has the force of res judicata in any true legal sense with respect to the offense charged in the

fourth count. Such argument must rest and proceed upon the theory that the findings. of the jury as to such earlier counts were made before the jury considered the question of guilt or innocence under the fourth count. We think that such theory is based upon mere assumption, and is without any substantial basis either of fact or of law. There can, in our opinion, be no presumption that any particular count of an indictment was disposed of by the jury before any other count in the same indictment. The findings and verdict on all of the counts were returned by the jury at the same time, and such findings must be treated as made simultaneously with reference to each other. The doctrine, therefore, of res judicata can have no application.

In our examination of the authorities we have found decisions (Rosenthal v. United States, 276 F. 714 [C. C. A. 9]; John Hohenadel Brewing Co. v. United States, 295 F. 489 [C. C. A. 3]; Peru v. United States, 4 F.[2d] 881 [C. C. A. 8]; Kuck v. State, 149 Ga. 191, 99 S. E. 622; and State v. Akers, 278 Mo. 368, 213 S. W. 424), which appear to disclose views contrary to those which we have thus reached and expressed. In none of such opinions, however, do we discover any reasoning or authority which convinces us that we are in error, or which points out any sound legal reason or basis for the conclusion there announced.

Decisions are plentiful (such as Dimmick v. United States, 121 F. 638, 57 C. C. A. 664 [C. C. A. 9]; Flickinger v. United States, 150 F. 1, 79 C. C. A. 515 [C. C. A. 6]; Grey v. United States, 172 F. 101, 96 C. C. A. 415 [C. C. A. 7]; Hinkhouse v. United States, 266 F. 977 [C. C. A. 9]; Loewenthal v. United States, 274 F. 563 [C. C. A. 6]; Millich v. United States, 282 F. 604 [C. C. A. 9]; Panzich v. United States, 285 F. 871 [C. C. A. 9]; Baldini v. United States, 286 F. 133 [C. C. A. 9]; Bilboa v. United States, 287 F. 125 [C. C. A. 9]; Bullock v. United States, 289 F. 29 [C. C. A. 6]; Carrignan v. United States, 290 F. 189 [C. C. A. 7]; Woods v. United States, 290 F. 957 [C. C. A. 9]; Lee Choy v. United States, 293 F. 582 [C. C. A. 9]; Milner v. United States, 293 F. 590 [C. C. A. 5]) which appear to tacitly assume, without deciding, that inconsistency between separate findings of a verdict upon several counts of an indictment affects the validity of such verdict, but obviously such decisions furnish no real authority on the subject, although it is apparent that they have contributed to confusion in regard thereto.

On the other hand, our conclusion in the matter finds support in the following cases: Corbin v. United States, 205 F. 278, 280, 125 C. C. A. 114 (C. C. A. 8); Gee Woe v. United States, 250 F. 428, 430, 162 C. C. A. 498 (C. C. A. 5); Boone v. United States, 257 F. 963, 968, 169 C. C. A. 113 (C. C. A. 8); United States v. Bergdoll (D. C.) 272 F. 498, 504; Marshallo v. United States, 298 F. 74, 76 (C. C. A. 2); Griffin v. State, 18 Ohio St. 438, 444; Weinecke v. State, 34 Neb. 14, 24, 51 N. W. 307; Hathcock v. State, 88 Ga. 91, 97, 13 S. E. 959; O'Brien v. State, 22 Ga. App. 249, 250, 95 S. E. 938; State v. Brown, 114 Kan. 699, 703, 220 P. 174; State v. Brundige, 114 Kan. 849, 852, 220 P. 1039.

[5] For the reasons stated, we conclude that, where a defendant is charged, by different counts of an indictment, with several different crimes, and is acquitted of one or more of such crimes, and convicted of one or more, and there is evidence which warrants the verdict of guilt, the fact that the different findings of the jury are inconsistent with each other does not invalidate any such findings.

The judgment, therefore, is affirmed.

DONAHUE, Circuit Judge (dissenting). I fully agree with the statement in the majority opinion that "the rule of law requires that the verdict must not be repugnant nor inconsistent," and that "such a rule is, of course, settled and recognized, and is founded on necessity."

I also agree with the further statement in the majority opinion that the defendant cannot complain if he be erroneously acquitted of an offense charged in one count of the indictment, and properly convicted of an offense charged in another count of the indictment, although the same evidence clearly established his guilt as to both. I cannot, however, concur in the majority opinion as to the application of these settled principles of law to the facts of this case. In my opinion, the rule as stated in the authorities cited is limited to cases in which the offenses charged in the several counts are separate and independent crimes, and can have no application where the offenses charged in the counts upon which defendant has been acquitted are essential elements of the crime of which he has been convicted.

The fourth count charges the defendant with maintaining a nuisance in violation of section 21 of title 2 of the National Prohibition Act. No evidence was offered by the government tending to prove the defendant

guilty of this offense other than the evidence tending to prove unlawful possession of intoxicating liquor as charged in the first count, unlawful possession of property designed and intended for use in the manufacture of intoxicating liquor, as charged in the second count, and the unlawful manufacture of intoxicating liquor for beverage purposes, as charged in the third count.

The jury found that the evidence offered by the government was not sufficient to prove the defendant guilty of either of these offenses and returned a verdict of "not guilty" on the first, second, and third counts, but, notwithstanding no other or further evidence was offered by the government tending to prove any other essential element of maintaining a nuisance as defined by the National Prohibition Act, found the defendant guilty of this offense as charged in the fourth count.

This is not merely a logical inconsistency, such as arises where a jury returns a verdict of not guilty on one count, and guilty on another count charging a separate and distinct offense, when the same evidence equally justifies a conviction on both counts, but a legal inconsistency, not reconcilable upon any tenable theory. If this verdict is not fatally inconsistent and repugnant, then these terms may as well be dropped from our legal vocabulary.

It seems to me that no different question would be presented if the defendant had been indicted upon the one count for maintaining a nuisance, and the jury, by special verdict, found the defendant had not manufactured, not sold, not kept, and not bartered intoxicating liquor in violation of title 2 of the National Prohibition Act, but nevertheless found him guilty of maintaining a nuisance, as defined by section 21 of that act. It would hardly be contended that such a verdict should be sustained, and yet that is substantially what the jury did in this case.

While, as stated in the majority opinion, "the power of the jury to decide questions of fact (within the limitations just mentioned) is supreme and not subject to interference of the court," nevertheless the courts have some functions to perform, and I take it that the first and most important one is to compel an intelligent administration of justice.

If a jury find a defendant is not guilty of any essential element of the offense charged, and yet find him guilty of that offense, I conceive it to be the duty of the court to correct that self-evident mistake,

not only that justice may be intelligently administered in that particular case, but also to the end that juries may understand that they are expected to exercise a reasonable degree of common sense, and arrive at their verdicts upon a consideration of the evidence and the law as given by the court, and not by whim, fancy, caprice, or guesswork.

It seems clear to me that this jury did not reach this verdict by a reasonably intelligent consideration of the law or the evidence, but rather by its total failure to consider or to comprehend either. Such a verdict is not entitled to the stamp of judicial approval. This view would seem to be fully sustained by the authorities cited in the majority opinion, and particularly John Hohenadel Brewing Company v. United States (C. C. A.) 295 F. 489, and Peru and Bird v. United States (C. C. A.) 4 F.(2d) 881.